The plaintiff, Faye M. Henderson, appeals from an order of the Madison Circuit Court dismissing her complaint pursuant to Rule 12(b)(6), A.R.Civ.P. We affirm.
The issue is whether Henderson's complaint stated a cause of action based on the tort of interference with business or contractual relations. We hold that it did not.
On January 9, 1989, Henderson sued a co-employee, Mary A. Early, alleging in her complaint, inter alia, that Early, a younger, less experienced, and less educated woman, was her supervisor at her place of employment; that Early criticized her job performance, which had never been criticized previously; that Early presented written criticisms to her employer without Henderson's knowledge; that, as a result of Early's actions, the employer gave Henderson the option of accepting lesser employment and a salary reduction or resigning; and that she was terminated on June 15, 1988.
Count I of Henderson's complaint read:
"INTERFERENCE WITH BUSINESS RELATIONSHIP
 ". . . Plaintiff avers that Defendant, Mary A. Early, intentionally, deliberately, maliciously, and wilfully interfered with her long time business relationship with Central Bank of the South thereby causing her damage.
 ". . . Plaintiff avers she was wrongfully and unjustly discharged because of the critical comments of Defendant, Mary A. Early, as said comments were fabricated and false, and were made to further Mary A. Early's own personal goals.
 ". . . Because of Defendant, Mary A. Early's actions Plaintiff was terminated."
Henderson argues that her complaint states all the elements of a prima facie case of intentional interference with business or contractual relations. We disagree.
At the outset, we note that the standard of review of a dismissal of a complaint pursuant to Rule 12(b)(6) is whether the plaintiff has stated a claim whereby relief can be granted under any provable set of facts and under any cognizable theory of law. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985).
 "When the trial court is called upon to consider a Rule 12(b)(6) motion, it must examine the allegations in the complaint, . . . and construe it so as to 'resolve all doubts concerning [its] sufficiency in favor of the [claimant].' In so doing, the court does not consider whether the claimant will ultimately prevail, only whether he has stated a claim under which he may possibly prevail."
Hightower and Co. v. United States Fidelity Guaranty Co.,527 So.2d 698, 702 (Ala. 1988) (emphasis original).
To support a claim based on the tort of intentional interference with business or contractual relations, the plaintiff must prove the following:
 " '(1) The existence of a contract or business relation; (2) defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with the contract or business relation; and (4) damage to the plaintiff as a result of defendant's interference. However, defendant has an opportunity to prove justification as an affirmative defense to plaintiff's claim.' "
Hickman v. Winston County Hosp. Bd., 508 So.2d 237, 238 (Ala. 1987) (quoting Lowder Realty, Inc. v. Odom, 495 So.2d 23, 25
(Ala. 1986)).
In an action against a co-employee, the plaintiff must also prove that the co-employee *Page 132 
was not acting on behalf of the employer or otherwise within the scope of the co-employee's employment and that the co-employee was acting with actual malice. Hickman, at 239.
In this case, Henderson failed to allege in her complaint all the components for a cause of action based on the tort of intentional interference with business or contractual relations. Therefore, Henderson failed to state a claim for which relief can be granted under any provable set of facts or cognizable theory of law in Alabama. Fontenot, supra.
Henderson also argued that the trial court abused its discretion when it refused to amend its order of dismissal to state that the action was dismissed "without prejudice," instead of dismissed "with prejudice." Henderson argues:
 "There is the possibility that . . . certain facts will emerge that will be beneficial to this action . . ., [and] if the Motion to Dismiss is not changed to 'without prejudice' [she] will not be able to file again when she has additional facts. . . . There is also the possibility that the Alabama Supreme Court will rule on a new case that will assist [her] in her case . . . [and that] [p]erhaps by June 14, 1990,[1] . . . the law will favor [her]."
Apparently, Henderson concedes that she can present no facts to support her cause of action. We conclude that her arguments on appeal are without merit and that the trial court did not abuse its discretion in refusing to amend the order of dismissal.
Therefore, the trial court's judgment of dismissal is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES,
SHORES and HOUSTON, JJ., concur.
[1] This date is apparently the date after which the statute of limitations would bar the plaintiff's claim.