STEAGALL, Justice.
This is an appeal of a summary judgment entered in favor of the defendant Lowell Thompson, individually and doing business as Just Friends nightclub, in an action that followed the death of Gregory Earl Adkison, a minor. We affirm in part; reverse in part; and remand.
I.
During the evening of August 10, 1990, Gregory Earl Adkison, a 20-year-old minor, was served one or more beers at the Just Friends nightclub owned by Lowell Thompson. According to the deposition testimony of one of the nightclub’s waitresses, Gregory had previously presented to Thompson as proof of his majority a birth certificate in the name of Robert Christopher Adkison, and Thompson had had the nightclub issue Adki-son a membership card showing he was age 21 or older, even though Gregory had admitted that the name he used, Greg, was not the name on the birth certificate.
On that evening, Gregory had driven his motorcycle to the Just Friends nightclub. The deposition testimony of witnesses who were present at the nightclub on that evening is conflicting with regard to when Gregory arrived and when he left. He may have arrived at Just Friends as early as 8:00 p.m., and he may have left as early as 9:30 p.m. or as late as 11:00 p.m. The witnesses agree that although Gregory may have consumed one or more beers at Just Friends, they did not consider him to be visibly intoxicated. One witness testified that when Gregory left Just Friends, he told her that he intended to go to Cowboy’s, another nightclub.
At some time between the early morning and noon on August 11, 1990, Gregory lost control of his motorcycle on a Henry County highway and was killed. His burned body was discovered at noon next to his smoldering motorcycle. His death was caused by severe trauma to his brain, not by the fire. An autopsy performed by the state medical *861 examiner found that at the time of his death Gregory’s blood alcohol level was 0.17%.
On August 11, 1992, Gregory’s mother, Margaret Adkison, filed a complaint against Lowell Thompson and “Best Friends” nightclub, although Thompson’s nightclub was actually named “Just Friends.” The complaint alleged that before Gregory’s death, Thompson had illegally served alcoholic beverages to him, a minor, and that as a result he became so intoxicated that he “wrecked his motor vehicle and was caused to die.” The complaint was later amended to substitute as defendant, “Lowell Thompson, individually and d/b/a Just Friends.”
On December 7, 1993, the plaintiff moved the court to allow the complaint to be amended to substitute Margaret Adkison and Willie Adkison (Gregory’s father) as plaintiffs in place of “Margaret Adkison, as administra-trix of the estate of Gregory Earl Adkison, deceased.” This motion was opposed by Thompson, and the parties disagree as to whether the trial court granted this motion. On December 16, 1993, the trial court entered a summary judgment in favor of Thompson. The first sentence of the trial judge’s summary judgment order stated: “Plaintiffs Motion to Amend is hereby granted.” The style of the case on the order listed the plaintiff as “Margaret Adkison, as admin-istratrix of the estate of Gregory Earl Adki-son, deceased.” The style of the case was modified on a later trial court order.
On January 26, 1994, Margaret Adkison and Willie Adkison filed a notice of appeal. They contend that the trial court erred in entering the summary judgment on the claims raised under Ala.Code 1975, § 6-5-70, the “Civil Damages Act,” and § 6-5-71, the “Dram Shop Act.” The notice of appeal listed the appellants as “Margaret Adkison and Willie Adkison.” On February 2, 1994, Margaret Adkison and Willie Adkison moved the trial court to correct the record on appeal to note that the trial court, had granted the motion to substitute plaintiffs. Thompson opposed the motion and also filed a motion objecting to the appellants’ notation on the docketing statement and notice of appeal indicating that claims had been brought under §§ 6-5-70 and -71.
On March 30, 1994, the appellants filed a second motion to correct the record on appeal, asking the trial court to include in the record the affidavit of a witness not previously known to the appellants. On April 14, 1994, the trial court granted the motion to include the affidavit in the record; the style of the case on that court order named “Willie Adkison & Margaret Adkison” as plaintiffs.
II.
The appellants contend that the August 11, 1992, complaint alleged claims under §§ 6-5-70 and -71, even though those statutory provisions were not mentioned in the complaint, because, they argue, the facts that were alleged in the complaint amounted to violations of those statutes. In response, Thompson makes three arguments. First, he argues that the complaint merely stated common law negligence and wantonness claims and that the appellants should not be allowed to raise claims on appeal that were not raised before, and decided by, the trial court. Second, Thompson argues that the complaint was not properly amended to substitute Margaret Adkison and Willie Adkison as plaintiffs in place of Margaret Adkison, who had sued as representative of Gregory Adkison’s estate, and, thus, that the complaint does not state an action under which relief can be granted because, Thompson contends, the estate of the intoxicated person cannot maintain actions under §§ 6-5-70 or -71. Third, Thompson argues that the trial court correctly entered the summary judgment based on a finding that the court was not presented substantial evidence that Gregory Adkison’s consumption of alcohol at the Just Friends nightclub proximately caused his death the next morning.
III.
The trial court in its December 16, 1993, order granted the plaintiff’s motion to amend the complaint; the court modified the style of the case on its April 14, 1994, order by naming Margaret Adkison and Willie Ad-kison as plaintiffs, in place of “Margaret Adkison, as administratrix of the estate of Gregory Earl Adkison, deceased.” The style of the case on the circuit clerk’s supplemen *862 tal record on appeal was similarly modified; thus, we conclude that the trial court impliedly granted the plaintiffs’ December 7,1993, motion to amend the complaint and that Margaret Adkison and Willie Adkison were proper plaintiffs.
However, it is well settled that Alabama law does not recognize a cause of action based on negligence in the distribution of alcohol, Jones v. BP Oil Co., 632 So.2d 435 (Ala.1993); Parker v. Miller Brewing Co., 560 So.2d 1030 (Ala.1990). Therefore, to the extent that the plaintiffs’ complaint alleged a cause of action based on negligence, the summary judgment is affirmed. Accordingly, the issue before the Court on this appeal is whether the plaintiffs’ complaint alleged claims under § 6-5-70 and/or § 6-5-71 and, if so, whether the plaintiffs presented substantial evidence to support those claims.
IV.
The August 11, 1992, complaint alleged:

“COUNT ONE

“On or about August 11, 1990, Plaintiffs decedent, GREGORY EARL ADKISON, was operating a motor vehicle in Henry County, Alabama. At said time and place the said vehicle ran off the road and so severely injured GREGORY EARL ADKI-SON that he was caused to die.

“COUNT TWO

“Plaintiff avers that at the aforesaid time and place, the Defendants served alcohol to the Plaintiffs decedent in a night club in Henry County, Alabama, known as BEST FRIENDS. That at said time and place Plaintiffs decedent was under the age of 21 (twenty-one) years and was served alcoholic beverages illegally by the Defendants.

“COUNT THREE

“Plaintiff further avers that the Defendants were engaged in the business of selling alcoholic beverages and did negligently and/or wantonly sell, give, or otherwise dispose of the alcoholic beverages which were consumed by said Plaintiffs decedent. As a proximate result of the negligent, wanton, willful and/or wrongful conduct of the Defendants [in] serving alcoholic beverages to the Plaintiffs decedent, who was under the age of 21 years, he was so intoxicated that he wrecked his motor vehicle and was caused to die.

“COUNT FOUR

“Defendants negligently failed to formulate and adequately implement policies and procedures to prohibit the sale of alcohol to persons already under the influence of alcohol and to minors. As a result of such negligent and/or wanton conduct, Plaintiffs decedent, GREGORY EARL ADKI-SON, was caused to die.
“WHEREFORE, Plaintiff demands judgment against each Defendant, jointly and severally, in an amount to be determined by a jury, together with interest from the date of death, and the costs of this proceeding.”
It appears that the trial court treated the complaint as alleging only common law negligence, because the summary judgment order was based on a ruling that substantial evidence of proximate cause had not been presented. Neither § 6-5-70 nor § 6-5-71 is cited anywhere in the complaint; nor does the complaint mention the statutes by their names, the Civil Damages Act and the Dram Shop Act. In fact, the statutes were never cited in any document contained in the record until the plaintiffs filed their notice of appeal.
V.
We conclude that the complaint, as amended, does allege such facts as to state a cause of action based on the Civil Damages Act. Under modern rules of civil procedure, pleadings are to be liberally construed in favor of the pleader; the primary purpose of pleading is to give fair notice to adverse parties of a claim against them. Johnson v. City of Mobile, 475 So.2d 517 (Ala.1985). Section 6-5-70 states:
“Either parent of a minor, guardian, or person standing in loco parentis to the *863 minor having neither father nor mother shall have a right of action against any person who unlawfully sells or furnishes spirituous liquors to such minor and may recover such damages as the jury may assess, provided the person selling or furnishing liquor to the minor had knowledge of or was chargeable with notice or knowledge of such minority. Only one action may be commenced for each offense under this section.”
The complaint plainly alleged that Thompson sold alcoholic beverages to Gregory Earl Ad-kison, a minor, without a proper effort to determine that he was of the age of majority. Thus, the complaint, as amended to name Margaret Adkison and Willie Adkison as plaintiffs, stated a cause of action under which relief could be granted.
We must next determine whether the plaintiffs presented substantial evidence in support of their claim based on the Civil Damages Act. See Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988); Rule 56(c), Ala.R.Civ.P. Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the non-movant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The record contains deposition testimony from several witnesses indicating that Gregory was sold, and that he consumed, one or more beers while at Just Friends on the evening of August 10, 1990. In Espey v. Convenience Marketers, Inc., 578 So.2d 1221 (Ala.1991), we held that the term “spirituous liquors” in the Civil Damages Act includes beer. Thompson has not argued on appeal that Gregory’s physical appearance was such that Thompson could have assumed that he was of the age of majority. According to the state medical examiner’s report, Gregory was five feet, five inches tall and had a thin build. Further, as noted previously, deposition testimony indicated that Thompson issued Gregory a membership card indicating he was at least age 21, based on his presentation of a birth certificate bearing a first name other than what Thompson knew Gregory’s to be. Thus, we conclude that Thompson was “chargeable with notice or knowledge of [Gregory’s] minority,” an element required in order to bring a Civil Damages Act claim.
The plaintiffs presented evidence that Just Friends sold Gregory beer without requiring him to produce the type of documentation of his age required under the Alabama Alcoholic Beverage Control Board Administrative Code. Section 20-X-6-.10 of the ABC Board’s regulations states:
“(2) A licensee or his employee may only accept any one or more of the following documents for the purpose of determining the age of a person purchasing or attempting to purchase alcoholic beverages:
“a. A valid driver’s license of any state;
“b. United States Uniform Service Identification;
“c. Passport;
“d. A valid identification card issued by any agency of a state for the purpose of identification bearing a photograph and date of birth of the individual in question.”
The birth certificate Gregory presented to Thompson does not fall within those types of identification documents stated in the regulation. Thus, we conclude that the plaintiffs presented substantial evidence in support of their Civil Damages Act claim and that as to that claim the trial court’s summary judgment in favor of Thompson must be reversed and the cause remanded.
Because we reverse the summary judgment in favor of Thompson, we must also comment on what evidence, in addition to the sale of beer in violation of the Civil Damages Act, the plaintiffs may present during trial of their claim. In Brackett v. Exit Inn, Inc., 604 So.2d 402, 405 (Ala.1992), we noted that the Civil Damages Act is a penal statute, that the damages assessed are punitive in nature, and that “generally evidence of the circumstances surrounding the sale is admissible in order to aid the jury in its assessment of punitive damages.” We further stated that *864 “a plaintiff should be able to show circumstances that could be attributed to the illegal sale or injuries that are in consequence of the illegal sale.” Brackett, 604 So.2d at 406. However, we also noted that evidence of injuries that had no logical connection to the illegal sale of spirituous liquors could not be admitted. Brackett, supra.
The record contains no evidence as to the exact time of Gregory’s fatal accident. The evidence, viewed in the light most favorable to the plaintiffs, suggests that the accident likely occurred at approximately 10:00 a.m. or later on August 11, 1990 — 10 or more hours after he had left the Just Friends nightclub. Given the fact that witnesses testified that Gregory was not visibly intoxicated when he left Just Friends and that the human body metabolizes alcohol with the passage of time, we must conclude that the plaintiffs did not present sufficient evidence that Gregory’s consumption of alcoholic beverages at Just Friends caused the intoxication that led to his fatal accident. At the time of his death, Gregory’s blood alcohol level was nearly twice the level of legal intoxication; this fact suggests that he consumed additional alcohol and became legally intoxicated after he left Just Friends. As the trial court aptly noted: “Without any evidence as to the time of death, the Court can only surmise the activities of Gregory Adkison from 11:00 P.M. on August 10, 1990, until 1:00 P.M. on August 11,1990.” Accordingly, we hold that evidence of Gregory’s fatal accident is not admissible during the trial of the plaintiffs’ Civil Damages Act claim.
VI.
Finally, we conclude that the plaintiffs’ complaint failed to sufficiently allege all the facts required in order to bring a claim under the Dram Shop Act. Specifically, the complaint did not allege the type of injury required to bring such a claim. Ala.Code 1975, § 6-5-71, states, in part: “Every ... parent ... who shall be injured in person, property, or means of support ... shall have a right of action-” Even liberally construed, the plaintiffs’ complaint alleged no set of facts showing such an injury.
On November 5, 1993, fifteen months after the complaint was filed, the plaintiffs filed an affidavit in support of their motion opposing Thompson’s motion for summary judgment; that affidavit stated that their son’s death had caused the family to suffer emotional stress and also a loss of financial support. However, that affidavit was not an amendment to the complaint and was insufficient, by itself, to put Thompson on notice that the plaintiffs had intended to bring a claim under the Dram Shop Act. Further, even if the complaint could be construed to allege the facts necessary to bring a claim under the Dram Shop Act, the plaintiffs did not present substantial evidence that Gregory Adkison’s consumption of alcohol at Just Friends proximately caused his fatal accident. Accordingly, as to the Dram Shop Act claim, the summary judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, HOUSTON and KENNEDY, JJ., concur.
ALMON, J., concurs in the result.
HORNSBY, C.J., and INGRAM, J., concur in part and dissent in part.