The plaintiffs appeal from the dismissal of their claims of the unauthorized practice of law and of fraud by suppression.
In December 1995 Nora Armstrong and Clarence Rowlins (plaintiffs) filed a complaint against Brown Service Funeral Home West Chapel (defendant), alleging that the defendant had engaged in the unauthorized practice of law, pursuant to Ala. Code 1975, § 34-3-6. Specifically, the plaintiffs alleged that they entered into a contract with the defendant for the burial of Robert Louis Armstrong; that the defendant charged them a fee of $175 in connection with the assistance of preparing certain legal forms; that the preparation of the forms constituted the unauthorized practice of law, as well as fraud by suppression; and that the contract between the parties is void as a result thereof. The plaintiffs further sought to have the trial court certify the case as a class action, pursuant to Rule 23, Ala. R. Civ. P.
On January 26, 1996, the defendant filed a motion to dismiss the plaintiffs' claims, pursuant to Rule 12(b)(6), Ala. R. Civ. P. On February 16, 1996, the trial court granted the defendant's motion. Thereafter, the plaintiffs filed a post-judgment motion, which was denied.
The plaintiffs appeal. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
The dispositive issue on appeal is whether the trial court erred in granting the defendant's motion to dismiss. We find that it did.
At the outset we would note that our supreme court, inFontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985), stated the following well-settled standard of review applicable to motions to dismiss:
 "It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala. R. Civ. P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a *Page 1381 
doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899
(Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 "Where a [Rule] 12(b)(6) [, Ala. R. Civ. P.,] motion has been granted and [the appellate] [c]ourt is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, [the appellate] [c]ourt does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57
(Ala. 1982)."
(Emphasis in original.)
After applying the above-stated standard of review to the instant case, we are not convinced that the plaintiffs would be unable to recover against the defendant under any cognizable theory of law or under any given set of facts. The contract between the plaintiffs and the defendant clearly indicates that the plaintiffs were charged a fee of $175 for "ASSISTANCE WITH SOCIAL SECURITY, LEGAL INSURANCE FORMS."
The defendant argues that the only forms it prepared for the plaintiffs were the Social Security form and the death certificate which, it says, is a service that it is allowed to perform under Alabama law. The defendant also contends that the plaintiffs did not pay any consideration under the contract. The plaintiffs did present evidence, however, that they gave the defendant a burial policy and a vault policy which, they say, constituted some consideration. The plaintiffs also contend that the defendant may have completed other forms. Based on the language contained in the contract, we conclude that there exists a question of fact as to what type of "legal" forms the defendant actually prepared for the plaintiffs.
We find it interesting to note that, according to an article published in the Alabama Lawyer, the unauthorized practice of law in Alabama is "rampant" and is occurring in virtually every county. See L. Bruce Ables, UnauthorizedPractice of Law, 56 Ala. Law. 288 (1995). A particular section of the article focused on the problems associated with laymen filling in the blanks of certain forms and filling out certain forms in general.
It is apparent that the Legislature's purpose in the enactment of § 34-3-6, Ala. Code 1975, was to ensure that "laymen would not serve others in a representative capacity in areas requiring the skill and judgment of a licensed attorney."See State, ex rel. Porter v. Alabama Ass'n of CreditExecutives, 338 So.2d 812, 814 (Ala. 1976).
Based on the foregoing, we are also not convinced that the plaintiffs would be unable to recover against the defendant under their suppression claim. This court, in LaCoste v. SCIAlabama Funeral Services, Inc., 689 So.2d 76
(Ala.Civ.App. 1996), stated the following:
 "To make out a suppression claim, a plaintiff must show that the defendant had a duty to disclose a material fact and failed to do so, that the concealment or failure to disclose induced the plaintiff to act, and that the plaintiff suffered actual damage as a result. One may be liable for suppression only if he has knowledge of the fact allegedly suppressed and only if he is under a duty to disclose. A duty to disclose may arise from a confidential relationship, from a request for information, or from the circumstances of the case. If the plaintiff offers evidence of particular circumstances creating an inference that the defendant should have disclosed certain material facts, then whether the defendant had a duty to communicate those facts is for the jury to determine."
(Citations omitted.)
The plaintiffs stated in their complaint that the suppression of the material fact proximately *Page 1382 
damaged them because, they say, they believed that they were responsible for, and did pay for, the charges imposed by the defendant, which stemmed from the defendant's unauthorized practice of law. We find that any duty of the defendant to disclose or to communicate any such information is a question of fact, which is directly related to the plaintiffs' unauthorized practice of law claim.
Accordingly, we conclude that the complaints set forth by the plaintiffs present cognizable theories of law which may, upon proof of the proper facts, entitle the plaintiffs to recover against the defendant. Therefore, we reverse and remand the case for proceedings consistent with this opinion.
The defendant's request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
All the judges concur.