CRAWLEY, Judge.
Kirk Joel Berryman (the “father”) and Teresa Kaye Berryman (the “mother”) were divorced in 1995. Their separation agreement, which was incorporated into the divorce judgment, provided that they would have joint legal custody of their minor children, but that the mother would have sole physical custody. The agreement further provided that the father could exercise visitation at such reasonable times and places as were agreed upon by the parties. In 1999, the trial court entered, on the petition of the mother, a protection-from-abuse order that, in addition to restraining the father from harassing the mother or children, required him to exercise his visitation at the Florence Police Department. The order was to be effective for one year. At some point, the father violated the protection-from-abuse order. On October 4, 1999, he pleaded guilty to that violation, received a suspended sentence, and agreed to extend the protection order for two more years.
On August 9, 2000, the father sought a modification of the visitation provisions of the divorce judgment and the protection-from-abuse order. He alleged that the mother had on occasions refused to allow him to visit with the children, that the mother had insisted on staying with the children when he exercised his visitation pursuant to the protection order, and that the mother had interfered with his visitation and had encouraged the children not to want to visit with him. He requested that the trial court set specific visitation times, including specific pick-up and drop-off times, so that the parties would have no contact with each other.
The mother answered the petition on September 6, 2000, with a general denial, and later, on September 20, she filed a motion to dismiss, alleging that the court’s protection-from-abuse order had been extended pursuant to the father’s plea agreement in his criminal case, that the father had violated that order by visiting the schools of each of the minor children, and that the father’s petition stated no claim upon which relief could be granted. The trial court granted the mother’s motion to dismiss on September 27. After the court denied his postjudgment motion, the father appealed.
The father argues that his petition clearly stated a claim upon which relief could be granted-a claim for modification of the *45 visitation provisions of the divorce judgment, which provided for visitation at reasonable times upon which the parties agreed. He claimed the modification was called for, given the mother’s alleged refusal to allow any visitation. The mother argues that the relief the father requested was precluded by the terms of the protection-from-abuse order.
“At the outset, we note the standard of review of a dismissal of a complaint pursuant to Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether the plaintiff has stated a claim whereby relief can be granted under any provable set of facts and under any cognizable theory of law.” Henderson v. Early, 555 So.2d 130, 131 (Ala.1989).
“ ‘Where a [motion to dismiss] has been granted and [we are] called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. In so doing, [we do] not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.’ ”
Armstrong v. Brown Serv. Funeral Home W. Chapel, 700 So.2d 1379, 1381 (Ala.Civ. App.1997) (quoting Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985)) (citations omitted); see also State ex rel. Solaiman v. Aviki, 694 So.2d 19, 20 (Ala.Civ.App.1997).
The father’s petition avers that the mother has refused to allow any visitation between him and the children. Although the protection-from-abuse order required that visitation be held at the police department, it did not suspend or terminate the father’s visitation rights provided for under the divorce judgment. The father, if he proves that visitation has been unilaterally terminated by the mother, may prevail on his petition to modify. In addition, the father’s request that the trial court set out specific times for visitation instead of allowing visitation at reasonable times and places agreed upon by the parties is not in derogation of the protection-from-abuse order. Even from the scant record we have before us, we can see that the parties seldom agree about anything. The father could likely convince a court that a visitation schedule for the parties to follow would be in the best interest of both parties, who need to limit their involvement with one another, and in the best interest of the children, who deserve visitation with their father. See, generally, Bryant v. Bryant, 739 So.2d 53, 56 (Ala.Civ.App.1999) (reversing an order establishing a visitation schedule “at the mothers’s discretion” and stating that “our Legislature has recognized that a critical component of a child’s best interest is a continuing relationship with a parent who is willing to act in the child’s best interests”), and Moore v. Moore, 57 Ala.App. 735, 737, 331 So.2d 742, 744 (Ala.Civ.App.1976) (reversing an order establishing a visitation schedule based upon when the children expressed a desire to see their father and stating, “The natural and proper relationship of a parent and child should be nurtured, encouraged and protected by the court after the breakdown of a marriage”). Accordingly, we reverse the trial court’s order dismissing the father’s petition to modify, and we remand this cause with instructions for the trial court to consider the merits of the father’s petition.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and PITTMAN and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result.