MOORE, Chief Justice.
Howard Ross petitioned this Court for a writ of certiorari to review the judgment of the Court of Civil Appeals affirming summary judgments in favor of West Wind Condominium Association, Inc. (“West Wind”), and Joseph London III. See Ross v. West Wind Condo. Ass’n, 153 So.3d 29 (Ala.Civ.App.2012). We granted certiorari review, and we now reverse and remand.

I. Facts and Procedural History

Howard Ross owned four condominium units within the West Wind condominium community. On August 2, 2005, Ross and West Wind agreed that West Wind would accept maintenance and repair work from Ross in lieu of his paying the condominium association’s monthly dues. West Wind informed Ross in September 2006 that further work would not be necessary and that he should start paying the dues. Ross paid his dues monthly starting in December 2006. When Ross made his payments for April and May 2007, West Wind rejected those payments and sent Ross a letter through its attorney, A. Mac Martinson, disputing Ross’s charges for the maintenance and repair work that Ross had performed. Through an attorney named Patrick Jones, Ross submitted an itemized list of charges for his work done for West Wind, but Ross never received any further correspondence from West Wind.
On December 3, 2007, West Wind recorded instruments in the office of the Probate Judge of Madison County claiming liens on Ross’s four condominium units. On January 18, 2008, West Wind published notice of a foreclosure sale on Ross’s units in a local newspaper and continued publishing the notice for four weeks. On February 15, 2008, West Wind conducted foreclosure sales on Ross’s four condominium units and was the highest *45 bidder as to all of them. That same day, the auctioneer executed foreclosure deeds conveying the four units to West Wind. On March 3, 2008, West Wind conveyed two of the units to Jimmy Spruill and Cynthia Spruill, one unit to Joseph London III (who was president of West Wind), and one unit to Delvin Sullivan.
Ross sued West Wind, London, Sullivan, and the Spruills in the Madison Circuit Court on April 18, 2008, alleging claims of wrongful foreclosure and seeking redemption of the properties. Ross sought an order setting aside the foreclosure sales, as well as redemption of the four condominium units. Ross claimed that West Wind had foreclosed on his units without giving him proper notice and that he had not learned of the foreclosures until after they had occurred. The trial court entered a default judgment against Sullivan, but it entered summary judgments in favor of London and the Spruills on January 4, 2010, and March 8, 2011, respectively, on their motions.
On March 28, 2011, West Wind also moved for a summary judgment, arguing, among other things, that it had the right to foreclose under § 35-8-17, Ala.Code 1975, based on Ross’s unpaid dues. West Wind supported its summary-judgment motion with copies of letters Martinson had sent to Ross and hen claims filed by West Wind against Ross. West Wind also included a letter dated December 11, 2007, from Robert Vargo, who was the attorney representing West Wind at the time, to Patrick Jones, notifying Jones of West Wind’s intention to foreclose. The letter from Vargo to Jones stated:
“I represent West Wind Condominium Association, Inc. in an effort to collect past due assessments from Howard Ross. It is my understanding that you represent Mr. Ross in connection with this subject matter.
“Enclosed please find the lien claims filed by my client in connection with the failure of your client to pay assessments. In the event the subject amounts are not paid in full by December 22, 2007, we will commence foreclosure proceedings.”
On April 1, 2011, Ross filed a response opposing West Wind’s summary-judgment motion, arguing that West Wind was not entitled to a summary judgment because, he said, a genuine issue of material fact existed as to whether he had received proper notice from West Wind. Ross’s response also contained a narrative of facts, a number of unauthenticated documents, an affidavit by Ross, and an affidavit by Patrick Jones, which stated, in relevant part:
“1. I have not represented nor acted as attorney for Howard Ross in any matters between said Howard Ross and Westwind [sic] Condominium Association.
“2. I have no knowledge of receipt of any alleged notices or communications sent by Robert Vargo, attorney at law, to Howard Ross.”
On April 7, 2011, West Wind moved to strike Ross’s affidavit and the unauthenticated documents attached to Ross’s response. On the same day, West Wind filed an affidavit from Robert Vargo, which stated, in relevant part:
“Having reviewed the correspondence between the offices of Mr. A. Mac Mar-tinson, an attorney who had previously represented West Wind in the same matter of collection of assessments from Howard Ross, and Mr. Patrick A. Jones, I understood that Howard Ross was being represented at the time by Mr. Patrick A. Jones.... In representing my client, and in order not to violate attorney ethics regarding not communicating about the subject matter of the representation with a party under circum *46 stances implying that such party is represented in the matter by an attorney (i.e. Rule 4.2, Alabama Rules of Professional Conduct), I prepared my letter for Howard Ross to be addressed to attorney Patrick A. Jones.”
Vargo’s affidavit further stated that he mailed the letter to Jones, that the copy of the letter in West Wind’s summary-judgment motion was a true and correct copy of that letter, and that he never received a reply from either Jones or Ross. Vargo also stated that he published notices of the sales in the local paper and that he held the foreclosure sales on February 15, 2008, and acted as the auctioneer.
On April 14, 2011, the trial court granted West Wind’s motion to strike and then granted West Wind’s motion for a summary judgment. Ross filed a motion to reconsider on July 22, 2011, which the trial court denied on July 25, 2011. Ross appealed to the Court of Civil Appeals.[1]
Before the Court of Civil Appeals, Ross argued that West Wind had not given him proper notice of the foreclosures by power of sale under § 35-8A-316(a), Ala.Code 1975; instead, he argued, notice was improperly given of the foreclosures by an action under § 35-8-17. West Wind replied that it had the authority to foreclose under § 35-8-17 but made no argument concerning § 35-8A-316. The Court of Civil Appeals held, among other things, that West Wind made a prima facie showing that Ross received notice of the foreclosures under § 35-8A-316. The court then held that Ross did not argue in his principal brief that he presented substantial evidence creating a genuine issue of material fact as to whether he had received such notice and that, therefore, he had waived that argument. Ross petitioned this Court for a writ of certiorari, which we granted.

II. Standard of Review

“This Court reviews a summary judgment de novo. We apply the same standard as the trial court to determine whether the evidence made out a genuine issue of material fact, see Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’ Rule 56(c), Ala. R. Civ. P.; Wright v. Wright, 654 So.2d 542 (Ala.1995).
“ ‘ “When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Wright [v. Wright], 654 So.2d [542] at 543 [ (Ala.1995) ] (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).” ’
“Walker v. City of Montgomery, 833 So.2d 40, 43 (Ala.2002) (quoting Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997)).”
*47 Baldwin v. Estate of Baldwin, 875 So.2d 1138,1140 (Ala.2003).

III. Analysis

This Court granted certiorari to consider, as a matter of first impression, whether the power to foreclose by judicial action under § 35-8-17, Ala.Code 1975, includes the power to foreclose by sale under § 35-8A-316, Ala.Code 1975.
In 1964, the legislature passed what is currently § 35-8-17 as part of the Condominium Ownership Act. Section 35-8-17 states, in relevant part:
“The association shall have a lien on each unit for any unpaid assessment duly made by the association for a share of common expenses, limited common expenses or otherwise, together with interest thereon and, if authorized by the declaration or bylaws, reasonable attorney’s fees. Such lien shall be effective from and after the time of recording in the public records of the county in which the unit is located of a claim of lien stating the description of the unit, the name of the record owner, the amount due and the date when due. Such claim of lien shall include only sums which are due and payable when the claim of lien is recorded and shall be signed and verified by an officer or agent of the association. ...
[[Image here]]
“(4) Liens for unpaid assessments may be foreclosed by an action brought in the name of the association in the same manner as a foreclosure of a mortgage on real property.”
(Emphasis added.)
In 1991, the legislature enacted § 35-8A-316 as part of the Alabama Uniform Condominium Act. Section 35-8A-316(a) states, in relevant part:
“The association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association’s lien may be foreclosed in like manner as a mortgage on real estate but the association shall give reasonable advance notice of its proposed action to the unit owner and all lienholders of record of the unit.”
(Emphasis added.)
These statutes provide condominium associations two different methods for foreclosing on condominium units. As demonstrated above, § 35-8-17 requires a claim of lien to be filed in the public records of the county in which the unit is located. After that, the condominium association may commence a foreclosure action against the condominium unit. In contrast, § 35-8A-316 states that the lien is effective against the unit from the time the assessment becomes due. Also unlike § 35-8-17, § 35-8A-316 does not require the condominium association to commence an action to foreclose on the unit. Instead, “[s]ubsection (a) permits the association’s assessment lien to be foreclosed in the manner of a realty mortgage. This is intended to mean a mortgage that includes a power of sale.” § 35-8A-316, Alabama Commentary; cf. §§ 35-10-1 through -16 (providing for power of sale in mortgages). However, if a condominium association seeks to foreclose by sale pursuant to § 35-8A-316, the association must give “reasonable advance notice” to the unit owner, whereas § 35-8-17 has no such requirement. Given the differences between the two foreclosure methods provided in these statutes, we hold that the power to foreclose by an action under § 35-8-17 does not include the power to foreclose by sale under § 35-8A-316.
In this case, Ross argues that West Wind initiated foreclosure by judicial ac *48 tion under § 35-8-17 but then foreclosed by sale under § 35-8A-316(a) without giving him reasonable advance notice. In the proceedings below, the Court of Civil Appeals interpreted this argument as presented in Ross’s brief to mean that “West Wind failed to make a prima facie showing that it had given him such notice.” Ross, 153 So.3d at 38. The court held that West Wind had satisfied its burden of making a prima facie showing by submitting in support of its summary-judgment motion Var-go’s December 11, 2007, letter to Jones and Vargo’s affidavit. 153 So.3d at 39. The Court of Civil Appeals held that the burden then shifted to Ross to present substantial evidence of the existence of a genuine issue of material fact as to whether he received proper notice and that, because he did not make that argument in his principal brief to that court, the argument that he did not receive proper notice was waived. 153 So.3d at 40.
The Court of Civil Appeals based its analysis on the following section of Ross’s brief:
“West Wind asserted in its motion for summary judgment that it gave Ross advance notice of the intended foreclo- • sure of his condominium units and supported its claim with an affidavit of Robert Vargo, its attorney at that time. Vargo’s affidavit stated that the notice of foreclosure was sent to local attorney, Patrick Jones, because it was Vargo’s understanding that Mr. Jones represented Ross. Ross presented an affidavit of Patrick Jones which stated that, not only did Mr. Jones not represent Ross in matters between Ross and West Wind, but that Mr. Jones did not receive any notice of the intended foreclosure of Ross’s condominium units. The content of that letter was a notice of the lien claims filed by West Wind along with a demand for payment and a conditional threat of foreclosure proceedings if the payment were not tendered. The said letter does not constitute a notice of foreclosure, as was later published by West Wind in the newspaper. Even if the referenced letter had been sent to Ross, it would fail to satisfy the notice requirement of Ala.Code 1975, § 35-8A-316(a). In accordance with Ala.Code 1975, § 35-8A-316(a), a condominium association maintains a lien by law for any money owed for assessed condominium dues. This section authorizes foreclosure of such a lien by the power of sale, as for a mortgage, if the association provides reasonable advance notice, as opposed to by action under Ala.Code 1975, § 35-8-17. Ala.Code 1975, § 35-8A-316(d), provides that recording the declaration constitutes record notice and perfection of the lien, and no further recordation of any claim of lien for assessment under this section is required.”
(Ross’s brief on appeal, at 25-26.) The essence of Ross’s argument to the Court of Civil Appeals was that, although West Wind’s steps to provide notice would have complied with the requirements of foreclosure under § 35-8-17, Ala.Code 1975, West Wind did not provide proper notice as required by § 35-8A-316, Ala.Code 1975, which, Ross says, was the applicable statute in this case. To prove his point, Ross stated that he presented Jones’s affidavit, in which Jones said that he neither represented Ross in any matters between him and West Wind nor had knowledge of any receipt of communications sent from Vargo to Ross.
Thus, the essence of Ross’s argument was not that West Wind failed to make a prima facie showing that there was no genuine issue of material fact but, rather, that he had presented substantial evidence showing that there was a genuine issue of material fact. Arguably, Ross should have presented his argument in the *49 context of a burden-shifting analysis, but his argument was still sufficient to satisfy Rule 28(a)(10), Ala. R.App. P., and to preserve his argument for appeal. Therefore, the Court of Civil Appeals erred in holding that Ross had waived the argument.
Ross also argues that West Wind should have known that Jones could not be representing Ross because Jones and Ross were made codefendants in another suit after Ross sent his itemized list of charges to West Wind through Jones. Ross cites Rule 1.7, Ala. R. Prof. Cond., to argue that Jones could not continue to represent Ross because that representation would have created a conflict of interest. However, the documents upon which Ross relies to make this argument were struck from the evidence, and Ross has not argued that the trial court erred in striking this evidence. Thus, this argument is not properly before us.
Regardless, Jones’s affidavit was still properly admitted and provided substantial evidence to create a genuine issue of material fact as to whether Ross had received proper notice under § 35-8A-316, Ala.Code 1975. Thus, the trial court erred in entering a summary judgment for West Wind and London. The Court of Civil Appeals erred in holding that Ross had waived the argument that he had presented substantial evidence creating a genuine issue of material fact as to whether he had received proper notice, and that judgment is due to be reversed.

IV. Conclusion

Based on the foregoing, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
STUART, PARKER, MAIN, and WISE, JJ., concur.
BOLIN, J., concurs in the result.
MURDOCK, J., concurs in the result, but dissents as to the rationale.
SHAW, J., dissents.
BRYAN, J., recuses himself.*

. Ross did not appeal the summary judgment in favor of the Spruills; he appealed only the summary judgments in favor of West Wind and London.