Rel: July 25, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

—————————————————

### CL-2025-0064

—————————————————

**Howard Ross**

**v.**

**West Wind Condominium Association**

**Appeal from Madison Circuit Court**
**(CV-24-143)**

MOORE, Presiding Judge.

Howard Ross appeals from a judgment entered by the Madison Circuit Court ("the trial court") dismissing his action against West Wind Condominium Association ("West Wind"). We reverse and remand.

Procedural History

The parties have previously appeared before this court. See Ross v. West Wind Condo. Ass'n, [Ms. CL-2023-0829, Feb. 7, 2025] ___ So. 3d ___ (Ala. Civ. App. 2025) ("Ross"); Ross v. West Wind Condo. Ass'n, 216 So. 3d 438 (Ala. Civ. App. 2016); and Ross v. West Wind Condo. Ass'n, 153 So. 3d 29 (Ala. Civ. App. 2012), rev'd, 153 So. 3d 43 (Ala. 2014), on remand, 153 So. 3d 52 (Ala. Civ. App. 2014). We take judicial notice of the records in those previous appeals, in addition to the record in appeal number CL-2025-0078, which appeal was dismissed by an order entered on April 3, 2025, because it arose from a nonfinal judgment. See City of Mobile v. Matthews, 220 So. 3d 1061, 1063-64 & n.3 (Ala. Civ. App. 2016) (explaining the circumstances under which an appellate court can take judicial notice of its own records in a different appeal).

On September 5, 2024, Ross initiated the present action by filing in the trial court a complaint, which bears the heading "action to clear title," in which he asserted, among other things, that Unit J at the West Wind condominium community had been conveyed to him on July 24, 1998; that, on February 15, 2008, West Wind had recorded a foreclosure deed for Unit J to itself and, subsequently, to its president, Joseph London III,

without having given notice to Ross as required; and that, on January 2, 2015, the trial court had entered an order in case number CV-08-596.80 ("the first foreclosure action") that held that the foreclosure by West Wind had been wrongful, vacated the deed to London, and reinstated ownership and possession of Unit J to Ross. Ross further asserted that, on August 2, 2021, West Wind had initiated an action against Ross in the Madison District Court for delinquent dues for Unit J ("the damages action"), that Ross had appealed the decision of the Madison District Court to the trial court, and that the trial court had granted a stay of execution of the Madison District Court's judgment on January 15, 2023.[1]

Ross next asserted in his complaint that, while the damages action was pending, West Wind had initiated an action against London in the trial court, which was assigned case number CV-22-901183 ("the London foreclosure action"), in which West Wind sought to foreclose on Unit J without naming Ross as a defendant or giving him notice of its action;[2]

---

[1]In Ross, this court addressed Ross's appeal from the trial court's judgment in the damages action, which was assigned case number CV-22-146 in the trial court. That appeal remained pending at the time the present action was initiated.

[2]A copy of West Wind's complaint in the London foreclosure action appears in this court's record in Ross. The complaint, which was filed on

3

that Ross had discovered the London foreclosure action after a default judgment had been entered against London, who, according to Ross, had no interest in Unit J; and that Ross had filed a motion to intervene in the London foreclosure action following the entry of the default judgment, which motion had been denied.[3]  Ross further alleged that West Wind had subsequently conducted a private auction of Unit J, that it had issued itself a deed for Unit J from London for $17,870, and that the trial court had subsequently entered a judgment ratifying the sale in the London foreclosure action.  Ross next asserted that, after it entered the judgment ratifying the sale in the London foreclosure action, the trial court entered

---

October 27, 2022, names London as a defendant and identifies him as the record owner of Unit J; additionally, it identifies as fictitiously named defendants "any and all persons and/or entities claiming an interest in the property made the subject of [West Wind's] complaint whose names are otherwise unknown to [West Wind] at this time, but will be added by amendment upon reasonable discovery thereof."  Ross is not named in the complaint.

[3]In Ross, West Wind filed a copy of the trial court's March 31, 2023, order denying Ross's motion to intervene in the London foreclosure action.

a judgment in the damages action declaring Ross the owner of Unit J and directing him to pay $29,267.29 to West Wind.[4]

Ross requested in his complaint that the trial court "clear his title to Unit J by vacating the foreclosure sale [in the London foreclosure action] to West Wind and any other subsequent deeds of Unit J" as well as "any other relief that is just and appropriate in this matter."

On October 15, 2024, West Wind filed a motion to dismiss Ross's complaint for failure to state a cause of action upon which relief could be granted. See Rule 12(b)(6), Ala. R. Civ. P. West Wind asserted, among other things, that, on October 27, 2022, West Wind had initiated the London foreclosure action seeking judicial foreclosure of Unit J and that it had caused a title search to be performed on Unit J, which, it asserted, showed London as the record owner of the property; that, on March 28, 2023, the trial court entered an order in the London foreclosure action allowing the foreclosure of Unit J to proceed; that, on March 29, 2023, Ross filed a motion to intervene and a motion to reconsider the default

---

[4]The trial court entered its judgment in the damages action on September 19, 2023. The record before this court in Ross contains that judgment, which states, in pertinent part, that "the evidence produced showed that [Ross] owned in building 2940 Unit J" and that "there is no question regarding [Ross's] ownership of the units at issue."

judgment in the London foreclosure action, but that both motions had been denied by the trial court;[5] that, on April 26, 2023, Ross recorded with the Office of the Judge of Probate of Madison County a final order that had been entered in the first foreclosure action, which, according to West Wind, "explicitly states that the parties shall 'execute any documents necessary in order to effectuate the intent of this order'"; that no documents had been recorded with the Office of the Judge of Probate effectuating the order of the court; that, on July 11, 2023, Unit J had been "properly foreclosed" with West Wind being conveyed Unit J by foreclosure deed for unpaid condominium assessments, which was ratified by a judgment of foreclosure entered by the trial court on September 5, 2023; and that the foreclosure deed and the judgment of foreclosure were recorded with the Office of the Judge of Probate on September 15, 2023. West Wind asserted that Ross had "received notice of the foreclosure sale by publication of same in the Madison County Record and was present at, and participated in, the foreclosure sale" of

---

[5]In <u>Ross</u>, West Wind filed a copy of the trial court's order denying Ross's motion to intervene in the London foreclosure action; that order states: "The pending Rule 59[, Ala. R. Civ. P.,] motion was filed by a non-party to this case and will not be considered."

Unit J, that Ross "made no effort to redeem [Unit J] from the foreclosure sale," and that "the appeal period for [the London foreclosure action] has passed." West Wind asserted that Ross's complaint failed to state a cause of action and that "no such action exists in Alabama." Accordingly, West Wind sought the dismissal of the action, with prejudice, under Rule 12(b)(6).

On October 23, 2024, Ross filed an amendment "to change the title of his action … for the purpose of clarifying and removing any confusion as to his intent." He stated that the "title is now 'Action to Quiet by Clearing Title.'" The trial court conducted a hearing on West Wind's motion to dismiss; the record on appeal does not contain a transcript of that hearing. On November 12, 2024, the trial court entered a judgment granting West Wind's motion to dismiss the complaint. On December 9, 2024, Ross filed a postjudgment motion; the trial court entered an order denying that motion on December 30, 2024. On January 27, 2025, Ross timely filed a notice of appeal to this court.

### Standard of Review

"A motion to dismiss filed pursuant to Rule 12(b)(6), Ala. R. Civ. P., tests the sufficiency of a complaint to determine if a plaintiff has stated a claim upon which relief can be granted. Burch v. Birdsong, 181 So. 3d 343, 351 (Ala. Civ. App. 2015).

7

The dismissal of a complaint, pursuant to Rule 12(b)(6), 'is with prejudice to [a] plaintiff's right to file another action against that defendant.' Ex parte Harrington, 289 So. 3d 1232, 1237 n.7 (Ala. 2019).

"'"[T]he standard of review of a dismissal of a complaint pursuant to Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether the plaintiff has stated a claim whereby relief can be granted under any provable set of facts and under any cognizable theory of law." Henderson v. Early, 555 So. 2d 130, 131 (Ala. 1989).

"'"'Where a [motion to dismiss] has been granted and [we are] called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. In so doing, [we do] not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.'"

"'Armstrong v. Brown Serv. Funeral Home W. Chapel, 700 So. 2d 1379, 1381 (Ala. Civ. App. 1997) (quoting Fontenot v. Bramlett, 470 So. 2d 669, 671 (Ala. 1985)) (citations omitted); see also State ex rel. Solaiman v. Aviki, 694 So. 2d 19, 20 (Ala. Civ. App. 1997).'

"Berryman v. Berryman, 816 So. 2d 43, 45 (Ala. Civ. App. 2001).

"'Furthermore, "'[i]t is a well-established principle of law in this state that a complaint, like all other

8

pleadings, should be liberally construed, Rule 8(f), Ala. R. Civ. P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief.'" Seals v. City of Columbia, 575 So. 2d 1061, 1063 (Ala. 1991)(quoting Fontenot [v. Bramlett], 470 So. 2d [669,] 671 [(Ala. 1985)]); see also Winn-Dixie Montgomery, Inc. v. Henderson, 371 So. 2d 899 (Ala. 1979); and Fraternal Order of Police, Strawberry Lodge No. 40 v. Entrekin, 294 Ala. 201, 211, 314 So. 2d 663, 672 (1975) (noting that pleadings are required to give notice and are not required to precisely plead every fact necessary to entitle the pleader to a judgment).'

"Burch, 181 So. 3d at 352."

Ellison v. Stokes, 385 So. 3d 48, 50-51 (Ala. Civ. App. 2023).

### Discussion

Ross argues on appeal that the trial court erred in dismissing his complaint. He asserts that, because he was not named as a defendant in the London foreclosure action, the trial court lacked jurisdiction to enter a judgment of foreclosure that affected Ross's interest in Unit J, that the trial court's judgment of foreclosure is void, and that the foreclosure deed to West Wind is also void.

Ross cites in support of his argument, among other cases, our supreme court's decision in Cathedral of Faith Baptist Church, Inc. v.

9

Moulton, 373 So. 3d 816 (Ala. 2022). In that case, our supreme court considered evidence indicating that Cathedral of Faith Baptist Church, Inc. ("Cathedral"), had owned property in Birmingham, where it operated a church, and that, after the church's services were discontinued, legal title of the property vested in Lee Shefton Riggins, who was a stockholder and the chairman of the board of Cathedral. 373 So. 3d at 817-18. Later, Riggins leased the property to the pastor of Broken Vessel United Church ("Broken Vessel"). Id. at 818. Broken Vessel and its pastor agreed to pay the commercial-liability insurance that Cathedral maintained, but Broken Vessel and its pastor later changed the insurance carrier without the knowledge or consent of Cathedral and Riggins. Id. When the church building was destroyed by a fire, Broken Vessel's pastor made a claim regarding the property and its contents, and Riggins later discovered a property settlement with the insurance carrier that Broken Vessel and its pastor had agreed to without his knowledge. Id. Riggins also discovered a general warranty deed that purported to convey title to the church property from Riggins to Broken Vessel. Id. Cathedral and Riggins asserted several claims against Broken Vessel and its pastor, which were later dismissed pursuant to Rule 12(b)(6) on the basis that

10

the claims were barred by the applicable statute of limitations. Id. Our supreme court reversed the dismissal of Cathedral and Riggins's claim regarding the validity of the warranty deed, which it interpreted as a claim for a declaratory judgment despite the absence of the phrase "declaratory judgment" on the face of the complaint. Id. at 819-21. Our supreme court stated, in pertinent part:

> "Rule 8(a)[, Ala. R. Civ. P.,] provides:
>
>> "'(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.'
>
> "The primary purpose of notice pleading is to provide defendants adequate notice of the claims against them. Adkison v. Thompson, 650 So. 2d 859 (Ala. 1994). '[P]leadings are to be liberally construed in favor of the pleader.' Id. at 862. Finally,
>
>> "'the dismissal of a complaint is not proper if the pleading contains "even a generalized statement of facts which will support a claim for relief under [Rule 8, Ala. R. Civ. P.]" (Dunson v. Friedlander Realty, 369 So. 2d 792, 796 (Ala. 1979)), because "[t]he purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of

11

procedure." <u>Crawford v. Crawford</u>, 349 So. 2d 65, 66 (Ala. Civ. App. 1977).'

"<u>Simpson v. Jones</u>, 460 So. 2d 1282, 1285 (Ala. 1984)."

373 So. 3d at 819.

Our supreme court observed that, on the face of the complaint, Cathedral and Riggins had sought, among other things, "clear title" to the church property; had denied that Riggins had conveyed the church property to Broken Vessel and that the signature on the warranty deed was that of Riggins; and had included in their prayer for relief a request for a judgment declaring that the warranty deed was "invalid." <u>Id.</u> at 819-20. Thus, our supreme court concluded, "[t]he complaint sufficiently gave notice that a forged deed was the basis of the complaint and that the plaintiffs were seeking a judgment declaring the deed invalid on that basis." <u>Id.</u> at 820. It held, therefore, that the allegations of the complaint, when construed in favor of Cathedral and Riggins, were sufficient to state a claim for a declaratory judgment and reversed the judgment dismissing the claim regarding the validity of the warranty deed. <u>Id.</u>

In the present case, Ross sought to "clear his title" to Unit J and requested that the foreclosure sale of Unit J to West Wind be vacated. It is clear from the factual assertions in the complaint that Ross was

seeking the vacation of the foreclosure deed and any subsequent deeds based on his assertion that he had not been named as a party to the London foreclosure action despite West Wind's knowledge of Ross's ownership interest in Unit J. Ross asserts on appeal, among other things, that he was denied due process in the London foreclosure action and that the trial court did not have personal jurisdiction over him in that action such that its judgment of foreclosure had no effect as to him. He cites Campbell v. Taylor, 159 So. 3d 4, 10-11 (Ala. 2014), for the following proposition:

> "When a party is not served or joined in an action and the trial court thus acquires no jurisdiction over it, the judgment is deemed 'void' 'for purpose[s] of Rule 60(b)(4)[, Ala. R. Civ. P.].' Ex parte Wilson Lumber Co., 410 So. 2d 407, 409 (Ala. 1982). See also Ex parte Pate, 673 So. 2d 427, 429 (Ala. 1995) ('If a court lacks jurisdiction of a particular person, or if it denied that person due process, then the court's judgment is void.'), and Horizons 2000, Inc. v. Smith, 620 So. 2d 606, 607 (Ala. 1993) ('A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.')."

In City of Birmingham v. Metropolitan Management of Alabama, LLC, 350 So. 3d 307 (Ala. 2021), our supreme court considered an appeal from an order denying a Rule 60(b)(4), Ala. R. Civ. P., motion to vacate a judgment quieting title to property. In that case, the State of Alabama had purchased a parcel of property located in Jefferson County at a tax

13

sale, and, later, the City of Birmingham ("the City") had purchased a delinquent demolition assessment against that property. 350 So. 3d at 308. The property was later sold by the State; the managing member of Metropolitan Management of Alabama, LLC ("Metropolitan"), obtained title to the property by a tax deed, and he, in turn, conveyed the property to Metropolitan by a quitclaim deed. Id. Metropolitan commenced an action to quiet title to the property, naming certain fictitiously named defendants representing individuals or entities who may have had an interest in the property, and a judgment was entered quieting title to the property in Metropolitan and conveying fee-simple title to Metropolitan. Id. Following the entry of the judgment, Metropolitan's attorney contacted counsel for the City; Metropolitan asserted that it had discovered the City's recorded assessment interest after the entry of the judgment. Id. The City then filed a motion to intervene in the quiet-title action and a motion to vacate the judgment as void under Rule 60(b)(4); the motion to vacate was denied. Id.

The City appealed and argued before our supreme court that the judgment was void because the trial court in that action had lacked personal jurisdiction to adjudicate the City's interest in the property. Id.

14

at 309.  It asserted that Metropolitan had constructive knowledge of the City's interest and of its residence by virtue of the City's recorded deed. Id.  Our supreme court determined that Metropolitan had knowledge of the City's residence and that its service by publication without first attempting another means of service failed to comply with Rule 4.3(b), Ala. R. Civ. P.  Id. at 310.  It cited Allsopp v. Bolding, 86 So. 3d 952, 957 (Ala. 2011), for the proposition that "'[i]f [a] … judgment is void because the trial court lacked subject-matter or personal jurisdiction or because the entry of the judgment violated the defendant's due-process rights, then the trial court has no discretion and must grant relief under Rule 60(b)(4).'"  350 So. 3d at 311.  Our supreme court concluded that the City's motion had been brought under Rule 60(b)(4); that the substance of its argument was that the judgment was void; and that, because the motion was based on the voidness of the judgment, it could be filed at any time.  Id.  Accordingly, the order denying the motion to vacate the judgment was reversed.  Id.

In its motion to dismiss and on appeal, West Wind has asserted that the appeal period in the London foreclosure action "has passed."  Like in City of Birmingham, however, because Ross's allegations in this action

15

challenge the judgment entered in the London foreclosure action and the resulting foreclosure deed as being void, the action could be brought at any time. Ross argues on appeal that the trial court's judgment in the London foreclosure action violated his due-process rights and that the trial court lacked personal jurisdiction to adjudicate his interest in Unit J.

In its brief on appeal, West Wind cites Upton v. Mississippi Valley Title Insurance Co., 469 So. 2d 548, 555 (Ala. 1985), in support of its assertion that it "had no duty to research any records other than those in the Office of the Judge of Probate of Madison County, Alabama, for information pertaining to the property." West Wind's brief, p. 9. We interpret West Wind's argument in its motion to dismiss and on appeal as asserting that it could not be charged with constructive notice of Ross's interest in Unit J such that its failure to name Ross as a defendant in the London foreclosure action and the resulting foreclosure are valid. At issue in Upton was whether a title-insurance company had complied with the policy provisions in a title-insurance policy regarding its obligation to identify an easement pursuant to its title search related to certain property. Id. at 554-56. In addressing the argument before it, our

supreme court considered Ala. Code 1975, §§ 35-4-51 and -63. Id. at 554. Section 35-4-51 provides, in pertinent part, that all deeds or other documents purporting to convey any interest in any real estate shall be admitted to record in the office of the probate judge of any county and that their filing for registration shall constitute notice of their contents. Section 35-4-63 provides that the recording in the proper office of any conveyance of property that may be legally admitted to record operates as a notice of the contents of such a conveyance without any acknowledgment or probate thereof as required by law. Our supreme court determined in Upton that those statutes constituted "[t]he only law [it had found] declaring that certain records shall impart constructive notice of matters relating to land." 469 So. 2d at 555.

Unlike in Upton, the trial court in this case was not called upon to determine whether West Wind had complied with the terms of an insurance policy or had otherwise breached a duty pursuant to a contract. Regarding West Wind's apparent argument that it lacked constructive notice of Ross's ownership interest in Unit J, Ross argues in his reply brief on appeal that he presented allegations in his complaint that would support a finding that West Wind had actual notice of Ross's interest in

17

Unit J.  In <u>Sumter County Board of Education v. University of West Alabama</u>, 349 So. 3d 1264, 1265 (Ala. 2021), our supreme court affirmed that, "'[i]n considering whether a complaint is sufficient to withstand a motion to dismiss, [an appellate court] must accept the allegations of the complaint <u>as true</u>.'"  (Quoting <u>Creola Land Dev., Inc. v. Bentbrooke Hous., L.L.C.</u>, 828 So. 2d 285, 288 (Ala. 2002).)  Ross alleged in his complaint that West Wind had been a party to the first foreclosure action, that the trial court had entered a judgment in the first foreclosure action vacating the deed to Unit J in favor of London and reinstating ownership of Unit J to Ross, and that West Wind had initiated an action against Ross on August 2, 2021, for delinquent dues related to Ross's ownership of Unit J.  Neither <u>Upton</u> nor the statutes cited therein stand for the proposition that West Wind, as a party to the first foreclosure action, could not be charged with actual or constructive notice of Ross's claimed interest in Unit J under the circumstances alleged in Ross's complaint.

Accepting the allegations in Ross's complaint as true and resolving all doubts concerning the sufficiency of the complaint in favor of Ross, we agree with Ross that he has presented a set of facts that, if proved, could afford him relief, like in <u>Moulton</u> and <u>City of Birmingham</u>.  See <u>Ellison</u>,

18

supra. Accordingly, we conclude that the trial court erred in dismissing Ross's complaint in which he sought a determination that the judgment in the London foreclosure action and the foreclosure deed for Unit J in favor of West Wind are void. Our disposition is not to be construed as a determination that Ross will ultimately prevail but, rather, should only be construed as a determination that he may possibly prevail. See Ellison, supra.

## Conclusion

The judgment of the trial court dismissing Ross's complaint is reversed, and the cause is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.