HOLMES, Judge.
This is an appeal by the appellant-husband from a decree of the Circuit Court of Tuscaloosa County.
The appellee-wife initiated the proceedings below by filing with the circuit court a petition to modify a previous decree of that court. Specifically, the wife asked for an increase in child support payments. The husband filed an answer to the wife’s petition and additionally filed with the circuit court a petition seeking custody of the minor children.
After a hearing ore tenus, the trial court found that the children should remain with the mother; that the child support payments should be increased; and that the husband was in arrears on the previously awarded child support payments. The trial court ordered this arrearage to be paid at a specific rate per month. We note that the trial court made no specific finding that the husband was in contempt of court.
The husband, through able counsel, contends that since the arrearage was not made an issue by the pleadings, the trial court erred to reversal in its action regarding the past due child support payments. We do not agree and affirm.
This court has carefully reviewed the record and it is clear that the issue of whether there was an arrearage of child support payments was clearly before the trial court. Specifically, there was extensive testimony regarding the arrearage. The examination of witnesses regarding an arrearage was conducted not only by the wife but also by the learned trial judge. No objection was made by the husband regarding this testimony. In fact, it could be said that no objection was ever made by the husband regarding this aspect. However, some comment by the husband’s attorney at the close of the trial could be viewed as an objection. This comment occurred after the trial court indicated that there was an arrearage.
The purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of procedure. See Board of Water and Sewer Commissioners of City of Mobile v. McDonald, 56 Ala.App. 426, 322 So.2d 717, cert. den. 295 Ala. 392, 322 So.2d 722 (1975).
Whether the issue of arrearage was a proper subject for the trial court to consider is dealt with directly by Rule 15(b), ARCP, which states, in part:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.”
The Committee Comments to Rule 15(b), ARCP, sheds further light on the issue of this appeal in that:
*67 “Under the rule where evidence is introduced or an issue raised with the express consent of the other party, or without objection from him, the pleadings ‘shall’ be deemed amended to conform to such evidence.” [Emphasis supplied.]
It is clear to this court that by failing to object to the testimony regarding the arrearage the husband impliedly consented that the arrearage issue was before the trial court.
As the Alabama Supreme Court stated in Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975):
“[I]f Rule 15 is to be of any benefit to the bench, bar and the public, the trial judges must be given discretion to allow or refuse amendments. . . . But that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced.”
Additionally, we find the following comment to be appropriate in this instance:
“Pleadings are a means, not an end, and the action should be resolved on its merits, not upon technicalities. . Without the Rule’s permissive approach to the right to amend, the allegiance to substance over form which permeates these rules would not be attainable.” 1 Lyons Alabama Practice § 15.1, p. 308.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.