PER CURIAM.
The plaintiffs, Jerry Stout and Jose Mills, appeal from the trial court’s dismissal of their action against the defendants, Michael Anthony Cumse and Colbert County (“the County”). We reverse and remand.
The plaintiffs sued Cumse and the County, alleging claims of negligence and wantonness. The plaintiffs’ complaint alleged, in pertinent part:
“6. On or about November 10, 2005, upon a public street or highway, ... Cumse[ ] negligently and/or wantonly caused [or] allowed the vehicle in which [the] plaintiffs were passengers to collide with another vehicle.
“7. At the time of the motor vehicle accident described in the preceding paragraph, ... Cumse[ ] was performing an act, errand, mission or objective for ... [the] County, and [he] was furthering the business pursuits of said legal entity. As such, [the] County[ ] is liable for the acts and omissions of ... Cumse, under theories of agency, master/servant, respondent superior, and/or vicarious liability.
“8. Defendants willfully, negligently, and recklessly caused or allowed the plaintiffs to be transported without wearing a seat belt or any other type of restraint while in the custody of the Colbert County Sheriffs Department resulting in serious injuries to the plaintiffs.
“9. On or about said time and place, the ... County[ ] was the owner of and had the right of control over the use of the motor vehicle driven by ... Cumse. [The] County, as owner of the vehicle driven by ... Cumse, negligently entrusted said vehicle to ... Cumse, who negligently and/or wantonly operated said vehicle causing the injuries to the plaintiff[s]. [The] County[ ] entrusted said vehicle to ... Cumse, and is, therefore, liable to the plaintiffs. Said negligent entrustment was a proximate cause of the plaintiffs’ injuries.
“10. At the aforesaid time and place and for some time prior thereto, the ... Countyf] was the owner of said motor vehicle driven by ... Cumse, and as such[, the County] had the authority to *881 supervise the maintenance, operation and repair of said motor vehicle, including the restraining of passengers in said motor vehicle, and the hiring and training of drivers of motor vehicles operated by or on behalf of [the] County. [The] County[ ] negligently and/or wantonly exercised or failed to exercise said supervisory control, and said negligent or wanton conduct was the proximate cause of the injuries of the plaintiffs.”
Cumse answered and filed a motion to dismiss. In his answer, Cumse admitted, in reference to paragraph 7 of the complaint, that “he was performing an act, errand, mission or objective for his employer! ] and [that he] was furthering the business pursuits of [his] employer.” In reference to paragraph 8 of the complaint, Cumse admitted that “he was transporting the plaintiffs while the plaintiffs were in the custody of the Colbert County Sheriffs Department.” In his motion to dismiss, Cumse asserted that he was entitled to State immunity under Art. I, § 14, Ala. Const.1901.[1] In that motion, Cumse asserted that, at the time of the alleged automobile accident, he was a deputy sheriff of the Colbert County Sheriffs Department (“the Sheriffs Department”) and that he was acting within the line and scope of his duties as a deputy sheriff. Therefore, Cumse asserted, the claims against him were due to be dismissed on the ground of State immunity.
The County filed a Rule 12(b)(6) motion to dismiss, asserting that Cumse, at the time of the alleged automobile accident, was a deputy sheriff and, therefore, was not an employee of the County. Therefore, the County asserted, it could not be liable for Cumse’s actions on theories of “agency, master/servant, respondeat superior, vicarious liability, or negligent supervision,” as alleged in paragraph 7 of the plaintiffs’ complaint. See, e.g., King v. Colbert County, 620 So.2d 623, 625 (Ala. 1993) (stating that a sheriff “is not considered an employee of the county for the purposes of imposing liability upon the county” and, therefore, the county cannot be held vicariously liable for the sheriffs actions or inactions); and Mack v. Arnold, 929 So.2d 480, 483 (Ala.Civ.App.2005) (stating that a sheriffs deputy is an employee of the state and not of the county). The County’s motion to dismiss also asserted that the County was not liable to the plaintiffs based upon the theory of negligent entrustment because, the County said, the County is required by state law to furnish the Sheriffs Department with automobiles. See § 36-22-18, Ala.Code 1975 (“The county commission shall ... furnish the sheriff with ... automobiles and necessary repairs, maintenance and all expenses incidental thereto_”).
After Cumse and the County filed them motions to dismiss, the plaintiffs amended their complaint to strike paragraph 7. The trial court subsequently granted the motions to dismiss. The plaintiffs appealed to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, the plaintiffs argue that the trial court erred in dismissing their claims against Cumse and the County-
“ ‘The appropriate standard of review of a trial court’s [ruling on] a motion to *882 dismiss is whether “when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.” Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993); Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985). This Court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. Nance, 622 So.2d at 299. A “dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.” Nance, 622 So.2d at 299; Garrett v. Hadden, 495 So.2d 616, 617 (AJa.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).’ ”
Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1017 (Ala.2003) (quoting Lyons v. River Road Constr., Inc., 858 So.2d 257, 260 (Ala.2003)). “In considering whether a complaint is sufficient to withstand a motion to dismiss, this Court must accept the allegations of the complaint as true.” Creola Land Dev., Inc. v. Bentbrooke Hous., L.L.C., 828 So.2d 285, 288 (Ala. 2002).

The Claims Against Cumse

 In his motion to dismiss, Cumse asserted that he was entitled to State immunity because, he said, he was a deputy sheriff acting within the line and scope of his employment when the alleged accident occurred. With certain exceptions, a sheriff or deputy sheriff acting within the line and scope of his or her employment is entitled to State immunity. Ex parte Haralson, 871 So.2d 802, 805-06 (Ala. 2003); and Ex parte Sumter County, 953 So.2d 1235, 1239-40 (Ala.2006). However, the plaintiffs’ amended complaint does not allege that Cumse was a deputy sheriff acting within the line and scope of his employment when the alleged accident occurred. The complaint alleges that the purported accident occurred when the plaintiffs were being transported “while in the custody of the ... Sheriffs Department” and that Cumse was driving the vehicle in which the plaintiffs were being transported. Although the complaint may imply that Cumse was a deputy sheriff performing his employment duties at the time of the alleged accident, the complaint is unclear in this respect. Viewing the allegations of the complaint most strongly in the plaintiffs’ favor, we cannot say that the plaintiffs could not possibly prevail on their negligence and wantonness claims. Therefore, the trial court erred in dismissing those claims against Cumse.
The Claims Against the County[2]
Paragraph 9 of the complaint alleges a claim of negligent entrustment against *883 the County. In moving to dismiss, the County argued that it could not be liable for negligent entrustment because, the County said, Cumse is a deputy sheriff and the County is required by state law to provide the Sheriffs Department with automobiles. However, as noted, the complaint does not clearly allege that Cumse is an employee of the Sheriffs Department. The allegations of the complaint are unclear regarding the identity of Cumse’s employer. Therefore, the trial court could not have properly dismissed the negligent-entrustment claim based on the County’s assertion that it was statutorily obligated to provide Cumse, as a deputy sheriff, with an automobile. Based on the limited factual allegations contained in the complaint, it does not appear beyond doubt that the plaintiffs cannot possibly prevail on their negligent-entrustment claim. Accordingly, we must conclude that the trial court erred in dismissing that claim.
Paragraph 10 of the complaint alleges, in pertinent part:
“[T]he ... County[ ] was the owner of said motor vehicle driven by ... Cumse, and as such[, the County] had the authority to supervise the maintenance, operation and repair of said motor vehicle, including the restraining of passengers in said motor vehicle, and the hiring and training of drivers of motor vehicles operated by or on behalf of [the] County. [The] Countyf ] negligently and/or wantonly exercised or failed to exercise said supervisory control, and said negligent or wanton conduct was the proximate cause of the injuries of the plaintiffs.”
Insofar as paragraph 10 may be read as alleging a claim of negligent or wanton supervision of Cumse, we again note that the allegations of the complaint are unclear regarding the identity of Cumse’s employer. Therefore, we cannot say whether the County could have exercised any supervisory control over Cumse. It may be that the County had no supervisory authority over Cumse; the allegations of the complaint, however, are unclear in this respect. Therefore, insofar as the complaint may be read as alleging a claim of negligent or wanton supervision of Cumse, the trial court erred in dismissing that claim.
Paragraph 10 may be also be read as alleging a direct claim against the County for the negligent or wanton maintenance of the automobile in which the plaintiffs were allegedly injured. The complaint alleges that the County owned that automobile. Accepting that allegation as true, the plaintiffs could conceivably prevail on a claim against the County alleging negligent or wanton maintenance of the automobile. Therefore, insofar as the complaint may be read as alleging such a claim, the trial court erred in dismissing it.

Conclusion

We reverse the judgment dismissing the plaintiffs’ claims against Cumse and the County, and we remand the case to the trial court.
REVERSED AND REMANDED.
BRYAN and MOORE, JJ., concur.
THOMAS, J., concurs specially, which PITTMAN, J., joins.
THOMPSON, P.J., concurs in the result, without writing.

. Cumse styled his motion to dismiss as a Rule 12(b)(6), Ala. R. Civ. P., motion. However, ‘‘[t]he substance of a motion and not its style determines what kind of motion it is.” Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997). Because Cumse's motion asserted that the trial court lacked subject-matter jurisdiction on the basis of State immunity, that motion was in substance a Rule 12(b)(1), Ala. R. Civ. P., motion. See Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007); and Ex parte Alabama Dep't of Transp., 978 So.2d 718, 720 (Ala.2007).

. The County does not argue that it is entitled to State immunity. Our supreme court has stated:
“Under Ala. Const, of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state, see, e.g., Armory Comm’n of Alabama v. Staudt, 388 So.2d 991, 993 (Ala.1980), but generally does not extend to counties or county agencies, see, e.g., Wassman v. Mobile County Communications Dist., 665 So.2d 941, 943 (Ala. 1995), or to municipalities or municipal agencies, see Jackson v. City of Florence, 294 Ala. 592, 600, 320 So.2d 68, 75 (1975). Nevertheless, when a county or municipality acts as an agent of the state, it is entitled to share in the state's absolute immunity. See Town of Loxley v. Coleman, 720 So.2d 907, 908-09 (Ala. 1998); Rutledge v. Baldwin County Comm’n, 495 So.2d 49, 53 (Ala.1986)."
Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000).