BRYAN, Judge.
Tracie McKelvin and Jerome McKelvin appeal from the dismissal of their claims alleging negligence and wantonness against Doug Smith. We reverse and remand.
The McKelvins sued several defendants, including Smith, alleging various claims based on an allegation of fire occurring at the McKelvins’ house. The complaint alleged that “[o]n [or] about February 10, 2008, the [McKelvins’] home was damaged by a fire due to a defective electrical junction box.” The complaint also alleged that Smith had negligently or wantonly failed to perform “a duty to inspect, investigate, [and/or] provide services regarding the electrical condition of the [McKelvins’] home.” Smith filed a motion to dismiss the claims against him or, alternatively, for a more definite statement. That motion sought a dismissal on the grounds that the complaint had failed to allege that Smith had any relationship with the McKelvins creating a duty to them and that Smith had not been properly served. The McKelvins and Smith agree that Smith, following the filing of the motion to dismiss, was served by personal service. The McKelvins subsequently filed an amended *388 complaint that retained the same factual allegations against Smith.
After filing the amended complaint, Smith filed a second motion to dismiss or, alternatively, for a more definite statement. That motion to dismiss, filed pursuant to Rule 12(b), Ala. R. Civ. P., asserted that the claims against Smith should be dismissed because, he said, the complaint had failed to allege that Smith had any relationship with the McKelvins creating a duty “to inspect, investigate, [and/or] provide services regarding the electrical condition of the [McKelvins’] home.” Therefore, Smith asserted, the complaint failed to give him proper notice of the claims against him under Rule 8(a), Ala. R. Civ. P. Additionally, the motion to dismiss asserted that the claims against Smith were barred by the doctrine of substantive immunity. The trial court granted Smith’s motion to dismiss the claims against him, without specifying a reason for the dismissal. The trial court certified the dismissal order as a final judgment, pursuant to Rule 54(b), Ala. R. Civ. P. The McKel-vins then appealed to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
“ ‘The appropriate standard of review of a trial court’s [ruling on] a motion to dismiss is whether “when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.” Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993); Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985). This Court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. Nance, 622 So.2d at 299. A “dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.” Nance, 622 So.2d at 299; Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).’ ”
Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1017 (Ala.2003) (quoting Lyons v. River Road Constr., Inc., 858 So.2d 257, 260 (Ala.2003)).
In his second motion to dismiss, Smith moved for dismissal of the McKelvins’ claims against him based on his assertions that (1) those claims were insufficiently pleaded under Rule 8(a), Ala. R. Civ. P.; and (2) those claims were barred by the doctrine of substantive immunity. The trial court did not specify a basis for dismissing the claims against Smith. Therefore, we address in turn the two asserted grounds for dismissal before the trial court.
First, we address the McKelvins’ argument that the trial court erred by dismissing their negligence and wantonness claims against Smith because, they say, those claims satisfied the pleading requirements of Rule 8(a), Ala. R. Civ. P. Rule 8(a) provides:
“(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.”
“[T]he purpose of notice pleading is to provide defendants adequate notice of the claims against them.” Ex parte International Ref. & Mfg. Co., 972 So.2d 784, *389 789 (Ala.2007). See also Rule 8, Ala. R. Civ. P., Committee Comments on 1978 Adoption (“Under [Rule 8] the prime purpose of pleadings is to give notice.”). “Generally, the pleadings, in and of themselves, are considered relatively unimportant because cases are to be decided on the merits.” Johnson v. City of Mobile, 475 So.2d 517, 519 (Ala.1985).
“[Rule 8(a) ] is complied with if the claim for relief gives to the opponent fair notice of the pleader’s claim and the grounds upon which it rests. Carter v. Calhoun County Board of Education, 345 So.2d 1351 (Ala.1977). The discovery process bears the burden of filling in the factual details. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215, p. 110 (1969). A fair reading and study of the Alabama Rules of Civil Procedure lead to the determination that pleading technicalities are now largely avoided and that the pleading of legal conclusions is not prohibited, as long as the requisite fair notice is provided thereby to the opponent.”
Mitchell v. Mitchell, 506 So.2d 1009, 1010 (Ala.Civ.App.1987). Furthermore, “pleadings are to be liberally construed in favor of the pleader.” Adkison v. Thompson, 650 So.2d 859, 862 (Ala.1994). See also Rule 8, Ala. R. Civ. P., Committee Comments on 1973 Adoption (“Rule 8(f)[, Ala. R. Civ. P.,] ... provides that the pleadings are to be construed liberally in favor of the pleader.”).
“[T]he dismissal of a complaint is not proper if the pleading contains ‘even a generalized statement of facts which will support a claim for relief under [Rule] 8, [Ala. R. Civ. P.]’ (Dunson v. Friedlander Realty, 369 So.2d 792, 796 (Ala.1979)), because ‘[t]he purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of procedure.’ Crawford v. Crawford, 349 So.2d 65, 66 (Ala.Civ.App.1977).”
Simpson v. Jones, 460 So.2d 1282, 1285 (Ala.1984).[1]
In pertinent part, the amended complaint made the following allegations regarding Smith specifically:
“20. One day prior to the ... fire [at the MeKelvins’ home occurring on February 10, 2008], ... Smith and/or one or more of the fictitious party defendants had a duty to inspect, investigate, [and/or] provide services regarding the electrical condition of the [MeKelvins’] home.
“21. The Defendants negligently or wantonly failed to perform their duties.
“22. As a proximate result of the Defendants’ negligence or wantonness, the [MeKelvins] suffered damage to their home, their personal property, and have suffered and continue to suffer injuries, ill health, mental anguish and pain and suffering and are forced to live in a home which is damaged. As a result of their damages and injuries, the [MeKelvins] have incurred and will continue to incur medical bills and expenses for the repair of their home.”
Additionally, the amended complaint made the following general allegations that seem to refer to Smith, among others:
“The various Defendants attempted repairs to and/or inspections of, or made provision to have repairs or inspections performed to, the [MeKelvins’] home and knew or should have known of the defective condition of the home. The Defendants failed to make the necessary repairs to the home and/or failed to apprise the [MeKelvins] of the home’s *390 defective and dangerous condition which caused the damage to the [McKelvins’] home.”
Smith argues that the complaint failed to allege facts demonstrating that he owed the McKelvins any duty, an essential element of both a negligence claim and a wantonness claim. See, e.g., Lilya v. Greater Gulf State Fair, Inc., 855 So.2d 1049, 1056 (Ala.2003). Therefore, Smith contends, the trial court properly dismissed the negligence and wantonness claims against him for the McKelvins’ failure to sufficiently plead those claims. Conversely, the McKelvins argue that their claims against Smith satisfy the notice-pleading requirements of Rule 8(a). We agree with the McKelvins. Although the complaint did not state in detail the alleged facts upon which the McKelvins based their claims against Smith, it did provide Smith with sufficient notice of those claims. The claims, in their brevity and plainness, are consistent with the example found in Form 16, Appendix I to the Alabama Rule of Civil Procedure, which has been approved by our supreme court. See Appendix I, Supreme Court Note. Form 16 provides:
“Form 16. Complaint for Negligence or Wantonness
“1. On or about the_day of_, upon a public highway [state the name of the street] in [City],_County, Alabama, the defendant negligently [or wantonly] caused or allowed a motor vehicle to collide with a motor vehicle occupied by the plaintiff.
“2. As a proximate consequence of the defendant’s said negligence [or wantonness], the plaintiff was caused to suffer the following injuries and damages:
“[enumerate injuries and damages]
“Wherefore plaintiff demands judgment against defendant in the sum of _dollars and costs.”
See also Phelps v. South Alabama Elec. Co-op, 434 So.2d 234, 237 (Ala.1983) (evaluating the sufficiency of a complaint alleging negligence and wantonness claims in relation to Form 16). We conclude that the McKelvins’ complaint adequately stated their claims against Smith under Rule 8(a) and that the trial court could not have properly dismissed those claims for failure to satisfy the requirements of that rule. See also Knight v. Burns, Kirkley & Williams Constr. Co., 331 So.2d 651, 654-55 (Ala.1976) (stating that a complaint was sufficient under Rule 8(a) to put a defendant on notice even though there was no specific allegation of a duty owed).
Smith argues that his position on this issue is supported by Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a recent opinion issued by the United States Supreme Court. The United States Court of Appeals for the Third Circuit has observed that, under Iqbal and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), “pleading standards [under the Federal Rules of Civil Procedure] have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.” Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009).[2] But see Arista Records, LLC *391 v. Doe 3, 604 F.3d 110, 120-21 (2d Cir.2010) (characterizing Twombly and Iqbal as not having imposed a “heightened” pleading standard and “reject[ing the] contention that Twombly and Iqbal require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible”); see also Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir.2009) (understanding Twombly and Iqbal to say that the height of the pleading requirement depends on the circumstances of the case, such as the complexity of the litigation). However, as this court explained in Crum v. Johns Manville, Inc., 19 So.3d 208, 212 n. 2 (Ala.Civ.App.2009):
“The United States Supreme Court’s interpretation of the Federal Rules of Civil Procedure is not binding on this court’s interpretation or application of the Alabama Rules of Civil Procedure. Instead, this court is bound by the Alabama Supreme Court’s interpretation of our Rules of Civil Procedure. See Thomas v. Williams, [21] So.3d [1234, 1236] n. 1 (Ala.Civ.App.2008) (refusing to apply ... the Twombly [standard] on the basis that ‘[t]he Supreme Court of Alabama has the sole authority to promulgate rules governing practice and procedure in all Alabama courts’ and on the basis that, because ‘this court is bound by the precedent of our supreme court, ... we are unable to overrule prior caselaw in order to alter a well-settled standard of review’). Our supreme court has adopted the standard set forth in Conley v. Gibson, [355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ], for the dismissal of claims under Rule 12(b)(6), Ala. R. Civ. P. Until such time as our supreme court decides to alter or abrogate this standard, we are bound to apply it, the United States Supreme Court’s decision in Twombly, supra, notwithstanding.”
Accordingly, we will not consider the McKelvins’ claims against Smith in light of the Twombly and Iqbal decisions. See generally J. Thomas Richie & Anna Ma-nasco Dionne, Twombly and Iqbal: The Effect of the “Plausibility” Pleading Standard on Alabama Litigators, Alabama Lawyer (January 2010).
In moving to dismiss, Smith also asserted that the claims against him were barred by the doctrine of substantive immunity. Substantive immunity protects municipalities from tort liability for the acts of their employees “in those narrow areas of governmental activities essential to the well-being of the governed, where the imposition of liability can be reasonably calculated to materially thwart [a municipality’s] legitimate efforts to provide such public services.” Rich v. City of Mobile, 410 So.2d 385, 387 (Ala.1982). “[E]mployees participating in a municipal *392 function that gives rise to substantive immunity would share in that immunity. Tutwiler Drug Co. v. City of Birmingham, 418 So.2d 102, 105 (Ala.1982).” Bill Salter Adver., Inc. v. City of Atmore, 79 So.3d 646, 653 (Ala.Civ.App.2010). In his second motion to dismiss, Smith asserted that he is employed by the City of Huntsville (“the City”) in the “inspection department.” The motion then asserted that “[i]t is only in his official capacity as a[n ... employee of the City] that Smith would have ever had an occasion to participate in any way in an inspection or investigation concerning the electrical condition of [the McKelvins’] home.” Based on those assertions, Smith contended that he was entitled to substantive immunity. See, e.g., Hilliard v. City of Huntsville, 585 So.2d 889 (Ala.1991) (concluding that substantive immunity shielded a city from liability for the alleged negligent inspection of wiring at an apartment complex).
However, the McKelvins’ complaint does not allege that Smith was an employee of the City or that he was performing a municipal function when the alleged events giving rise to the McKelvins’ claims arose. We note that the McKelvins’ first complaint directed that Smith was to be served at the “Inspection Department, 320 Fountain Circle, Huntsville, AL 35801.” However, considering the actual allegations in the complaint, which we must view mostly strongly in the McKelvins’ favor, see Liberty Nat’l, supra, we cannot say that the McKelvins’ claims are barred by substantive immunity. That is, we cannot say that the McKelvins could not possibly prevail on their claims. It may be that Smith would be entitled to substantive immunity following the submission of evidence on that issue. However, this case comes before us on a motion to dismiss, not on a summary-judgment motion, and the bare allegations of the complaint do not support a conclusion that Smith is entitled to substantive immunity. Therefore, the trial court could not have properly dismissed the claims against Smith on the basis of substantive immunity. See Stout v. Cumse, 3 So.3d 878 (Ala.Civ.App.2008) (reversing a dismissal when the complaint failed to allege any facts that would support a dismissal based on State immunity).
In response to Smith’s second motion to dismiss, the McKelvins filed a motion to strike certain assertions made by Smith in his motion. The trial court did not rule on that motion. On appeal, the McKelvins briefly argue that the trial court erred by not granting their motion to strike. Because we are reversing the dismissal on the grounds discussed above, we pretermit discussion of the McKelvins’ argument for a reversal based on the trial court’s failure to grant the motion to strike.
In conclusion, we reverse the judgment dismissing the McKelvins’ claims against Smith, and we remand the case to the trial court.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. We note that Rule 9(b), Ala. R. Civ. P., qualifies the generalized pleadings permitted by Rule 8(a) by requiring that fraud be alleged "with particularity.”

. In Iqbal, the United States Supreme Court explained:
"As the Court held in [Bell Atlantic Corp. v.] Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 [ (2007) ], the pleading standard Rule 8[, Fed.R.Civ.P.,] announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id.., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A *391 pleading that offers 'labels and conclusions’ or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]’ devoid of 'further factual enhancement.’ Id., at 557, 127 S.Ct. 1955.
"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a ‘probability requirement,’ but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are ‘merely consistent with’ a defendant’s liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief.” ' Id., at 557, 127 S.Ct. 1955 (brackets omitted).”
556 U.S. at 678, 129 S.Ct. at 1949.