THOMAS, Judge.
On March 21, 2014, Marci L. Burch sued, in their official capacities, the members of the Geneva County Board of Education (“the school board”): Greg Trawick, David Schütz, Martha Windham, Derek Warren, and Johnny Register (hereinafter referred collectively to as “the school-board members”). Burch also named as a defendant Becky Birdsong, the superintendent of the Geneva County school system. Burch’s complaint was styled as a complaint seeking a declaratory judgment and a writ of mandamus. In that complaint, Burch alleged that she had been employed by the school board for a number of years; that she had most recently been employed by the school board as a chief school financial officer; that the school board had entered into an employment contract employing her as a chief school financial officer for the 2013-2014 school year, which, she alleged, had been accomplished by approval of her employment contract by Birdsong and by ratification of the employment contract by a unanimous vote of the school-board members; and that the school-board members had breached the employment contract by rescinding it and terminating her employment without authority to do so. Burch attached a copy of an unsigned contract of employment, which, she alleged, was in the form of the employment contract that she alleged that she and the school board had entered into; Burch did not allege that the copy of the unsigned contract was, in fact, the employment contract that she and the school board had entered into. Burch sought a determination of the rights, duties, and liabilities of the parties regarding the employment contract.
On March 21, 2014, Birdsong and the school-board members filed separate motions seeking a dismissal of Burch’s complaint against them. Both motions were premised on the sovereign immunity provided to the State, its agencies, and officials in Article I, § 14, of the Alabama Constitution of 1901, which extends to *347 school boards and school-board members sued in their official capacity. Ex parte Hale Cnty. Bd. of Educ., 14 So.3d 844, 848 (Ala.2009) (declaring that county boards of educations are local agencies of the State and “are clothed in constitutional immunity from suit” and overruling contrary authority). Birdsong further argued in her motion that only the school-board members could grant the relief requested by Burch because they, and not Birdsong, have the sole, statutory authority to hire and fire school-board employees. The school-board members further argued in their motion to dismiss that no valid, binding employment contract between the school board and Burch existed, that the negotiation of an employment contract and the hiring of employees were discretionary and not ministerial acts, and that Burch had failed to demonstrate in her complaint that any of the actions alleged to have been taken by the school board or the school-board members fell within any “exception” to § 14 immunity.
The trial court entered a judgment dismissing Burch’s complaint on July 3, 2014. Burch filed a postjudgment motion on July 29, 2014; she also attempted to file an amended complaint on that same date.[1] The parties entered an agreement consenting to extend the time for ruling on Burch’s postjudgment motion on October 15, 2014, because the parties were engaged in mediation. The mediation failed, however, and, on December 21, 2014, the trial court denied Burch’s postjudgment motion. She appealed the order dismissing her complaint to the Alabama Supreme Court on January 1, 2015; that court transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
On appeal, Burch argues that Birdsong and the school-board members were not entitled to sovereign immunity because her complaint did not seek damages and instead sought only to have the school-board members honor the employment contract. Our standard of review of an order dismissing a complaint based on a determination that- the action is barred by § 14 immunity is well settled.
“‘In Newman v. Savas, 878 So.2d 1147 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
“ ‘ “A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creopla Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”
“ ‘878 So.2d at 1148-49.’
*348 “Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 563 (Ala.2005). We construe all doubts regarding the sufficiency. of the complaint in favor of the plaintiff. Drummond Co. [v. Alabama Dep’t of Transp.], 937 So.2d [56,] 58 [(Ala.2006)].”
Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007). Furthermore, Birdsong and the school-board members, “as the parties] asserting the defense of [§ 14] immunity, bore the burden of demonstrating that [Burch] can prove no set of facts establishing one of the exceptions to the State’s sovereign immunity.” Ex parte Alabama Dep’t of Transp., 978 So.2d at 21.
We must begin by understanding the immunity provided by § 14.
“Section 14 provides generally that the State of Alabama is immune from suit: ‘[T]he State of Alabama shall never be made a defendant in any court of law or equity.’ This constitutional provision ‘has been described as a “nearly impregnable” and' “almost invincible”. “wall” that provides the State an unwaivable, absolute immunity from suit -in any court.’ Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206 (Ala.2006). Section 14 ‘specifically.prohibits the State from being made a.party defendant in any suit at law or in equity.’ Hutchinson v. Board of Trs. of Univ. of Alabama, 288 Ala. 20, 23, 256 So.2d 281, 283 (1971). Additionally, under § 14, State agencies are ‘absolutely immune from suit.’ Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003).
“Not only is the State immune from suit under § 14, but ‘[t]he State cannot be sued indirectly by suing an officer in his or her official capacity...' Lyons, 858 So.2d at 261. ‘Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State.’ Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004). To determine whether an action against a State officer is, in fact, one against the State, this Court considers
“ “whether “a result favorable to the plaintiff would directly affect a contract or property right of the State,” Mitchell [v. Davis, 598 So.2d 801, 806 (Ala.1992) ], whether the defendant is simply a “conduit” through which the plaintiff seeks recovery of damages from the State, Barnes v. Dale, 530 So.2d 770, 784 (Ala.1988), and whether “a judgment- against the officer would directly affect the financial status of the State treasury,” Lyons [v. River Road Constr., Inc.], 858 So.2d [257] at 261 [ (Ala.2003) ].’
“Haley, 885 So.2d at 788. Additionally, ‘[i]n determining whether an action against a state officer is barred by § 14, the Court considers the nature of the suit or the relief demanded, not the character of the office of the person against whom the suit is brought.’ Ex parte Carter, 395 So.2d 65, 67-68 (Ala.1980).”
Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d 831, 839 (Ala.2008), abrogated in part on other grounds by Ex parte Moulton, 116 So.3d 1119, 1141 (Ala.2013).
Because Burch has sued Birdsong, the superintendent, and the school-board members, we must also understand the situations in which § 14 immunity does not provide state officials complete immunity from suit.
“The immunity afforded State officers sued in their official capacities, however, is not unlimited:
“ ‘[Section 14] immunity from suit does not extend, in all instances, to officers of the State acting in their . official capacity. Unzicker v. State, *349 346 So.2d 931 (Ala.1977). In limited circumstances the writ of mandamus .will lie to require action of state officials. This is true where discretion is exhausted and that which remains to be done is a ministerial act. See Hardin v. Fullilove Excavating Co., Inc., 353 So.2d 779 (Ala.1977); Tennessee & Coosa R.R. Co. v. Moore, 36 Ala. 371 (1860). Action may be enjoined if illegal, fraudulent, unauthorized, done in bad faith or under a mistaken interpretation of law. Wallace v. Board of Education of Montgomery Co., 280 Ala. 635, 197 So.2d 428 (1967). If judgment or discretion is abused, and exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof. The writ will not lie to direct the manner of exercising discretion and neither will it lie to compel the performance of a duty in a certain manner where the performance of that duty rests upon an ascertainment of facts, or the existence of conditions, to be determined by an officer in his judgment or discretion. See Barnes v. State, 274 Ala. 705, 151 So.2d 619 (1963).’
“McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944 (Ala.1979).
“Moreover, certain causes of action are not barred by § 14:
“ ‘ “There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State. officials to perform their legal duties; actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677 — ” ’
“Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala.2006) (quoting [Ex parte ] Carter, 395 So.2d [65,] 68 [ (Ala.1980) ]) (emphasis omitted),”
Alabama Dep’t of Transp., 990 So.2d at 839-40.
In ^addition, our supreme court has set out additional actions that are not prohibited by § 14. These include “ ‘(5) valid inverse condemnation actions brought against State officials in their representative capacity,’” Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala.2006) (quoting Ex parte Carter, 395 So.2d 65, 68 (Ala.1980)) (emphasis omitted), overruled on other grounds by Ex parte Moulton, 116 So.3d at 1141, and
“(6)(a) actions for injunction brought against State officials in their representative capacity where it is alleged that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law, Wallace v. Board of Education of Montgomery County, 280 Ala. 635, 197 So.2d 428 (1967), and (b) actions for damages brought against State officials in their individual capacity where it is alleged that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law, subject to the limitation that the action not be, in effect, one against the State. Phillips v. Thomas, 555 So.2d 81, 83 (Ala.1989).”
Ex parte Moulton, 116 So.3d at 1141.
Furthermore, we note that
“[t]hese actions are sometimes referred to as ‘exceptions’ to § ,14; however, in actuality these actions are simply not considered to be actions ‘“against the State” for § 14 purposes.’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala. *350 2002). This Court has qualified those ‘exceptions,’ noting that ‘ “[a]n action is one against the [S]tate when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiffs recovery of money from the [S]tate.” ’ Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873 (Ala.2004) (quoting Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1314 (Ala.Civ.App.1995)) (emphasis added in Jones).”
Alabama Dep’t of Transp., 990 So.2d at 840.
Burch argues that her action is not barred by § 14 because it sought to compel Birdsong and the school-board members to perform a legal duty and to perform a ministerial act: to honor and perform their obligations under the alleged employment contract. She argues that the school-board members, having approved the personnel action during their September 12, 2013, meeting, could not rescind the employment contract once it was ratified and executed. She further contends that the school board’s attempt to rescind the employment contract violates the school board’s own policies and that its attempt to rescind the employment contract was therefore unlawful and performed without authority.
First, we note that, in her motion to dismiss, Birdsong contended that, as superintendent, she was not “vested with authority under [Ala.Code 1975,] § 16-13A-4[,] to grant [Burch] the relief she requests” and that only the school-board members had the authority to employ Burch. Indeed, Ala.Code 1975, § 16-13A-4 provides that the school board, in consultation with the superintendent, is tasked with appointing a chief school financial officer. As our supreme court explained in Board of School Commissioners of Mobile County v. Weaver, 99 So.3d 1210, 1219-21 (Ala.2012) (considering whether an action against a superintendent seeking to enforce a reduction-in-force policy under Ala.Code 1975, § 16 — 1— 33, should have been dismissed because the superintendent was entitled to § 14 immunity), when a superintendent is not vested with the authority to grant the relief requested by the plaintiff, an action cannot be considered to fall within an exception to § 14 immunity because the superintendent is not failing to perform a legal duty or failing to perform a ministerial act. Thus, because Birdsong is not capable of granting any relief to Burch, Burch’s action against Birdsong was properly dismissed on immunity grounds.
We turn now to consideration of whether the school-board members were also entitled to immunity under § 14. We need not determine at this stage whether Burch could succeed in her bid to have the school-board members recognize and perform their obligations under the alleged employment contract. However, both this court and our supreme court have recognized that an action seeking prospective relief like the enforcement of a salary policy or reinstatement, unlike an action seeking monetary damages like backpay, is not barred by § 14 immunity. Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873-76 (Ala.2004) (discussing the application of § 14 immunity in breach-of-contract actions against the State); Matthews v. Alabama Agric. & Mech. Univ., 716 So.2d 1272, 1281-82 (Ala.Civ.App.1998) (stating that, if a fact-finder determined that an employment contract existed and had been breached, the fact-finder could order reinstatement). Thus, it appears that Burch’s claims against the school-board members, if proven, could well entitle her to relief that is not barred by § 14 immunity.
*351 The school-board members contend in their brief on appeal that Burch was required to “state with particularity any ‘exception’ to' Section 14 immunity that would permit a trial court to entertain an action against” them.- The school-board members do not provide a citation to support this statement, and; based on the standard of review set out above, it is apparent that Burch was not required to set out in her complaint with particularity any facts entitling her-to an exception to §' 14 immunity. Instead, as the parties asserting § 14 immunity, the superintendent and the school-board members were required to “demons-trat[e] that [Burch could] prove no set of facts establishing one of the exceptions to the State’s sovereign- immunity.” Ex parte Alabama Dep’t of Transp., 978 So.2d at 21.
The school-board members further argue that they had no legal duty to hire, employ, or contract with Burch and that contract negotiation, hiring employees, and firing employees are discretionary acts as opposed to ministerial ones. Although each of these legal premises may be true, Burch’s action seeks to enforce what she alleges was an executed employment contract, which, she further alleges, the school-board members attempted to rescind without authority to do so. She is not seeking an order requiring the schoól-board members to hire her; she is seeking an order requiring the school-board members to honor an employment contract the school board has allegedly already executed. If Burch can demonstrate that the alleged employment contract was executed in accordance with school-board policies and that the attempt to rescind the employment contract did not comply with the applicable school-board policies, she would then be entitled to an order compelling the school-board members to comply prospectively with the legal duties under the employment contract. Such an action falls within a stated exception to § 14 immunity.
Even so, the school-board members contend that Burch’s action, if it does fall into one of the “exceptions” to § 14 immunity, is still an action against the State because it would “ ‘directly affect a contract or property right of the [S]tate, or would result in [Burch’s] recovery of money from the State.’ ” Jones, 895 So.2d at 873 (quoting Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1314 (Ala.Civ.App.1995) (emphasis added in Jones)). They state that any recovery of backpay by Burch would result in a recovery of money from the State; however, as noted above, although actions seeking backpay are not permitted under § 14, actions seeking prospective relief like enforcement of a policy or reinstatement are not barred by § 14. Id. at 874; Matthews, 716 So.2d at 1282. Burch did not specifically seek backpay in her complaint,- and, in her brief to this court, Burch admits that she did not seek damages or backpay because she was aware that § 14 immunity barred any recovery of such damages. Thus, the argument of Birdsong and the school-board members — that Burch’s action is barred by § 14 because it seeks monetary recovery in the form of backpay — is not supported by the record.
Finally, the school-board members assert that, even if Burch’s action is not barred by § 14 -immunity, her complaint was properly dismissed because her factual allegations were insufficient to state a claim of breach of contract. A Rule 12(b)(6), Ala. R. Civ. P., motion serves to “test[] the sufficiency of the pleadings to determine if the plaintiff has stated a claim upon which relief can be granted.” Public Relations Counsel, Inc. v. City of Mobile, 565 So.2d 78, 81 (Ala.1990). To review a motion to dismiss on appeal, this court must
*352 “‘examine the allegations contained [in the complaint] and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. In so doing, [we do] not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.’ ”
Armstrong v. Brown Serv. Funeral Home W. Chapel, 700 So.2d 1379, 1381 (Ala.Civ.App.1997) (quoting Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985)). (internal citations .omitted). Furthermore, “ ‘[i]t is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala. R, Civ. P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief.’ ” Seals v. City of Columbia, 575 So.2d 1061, 1063 (Ala.1991) (quoting Fontenot, 470 So.2d at 671); see also Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979); and Fraternal Order of Police, Strawberry Lodge No. 10 v. Entrekin, 294 Ala. 201, 211, 314 So.2d 663, 672 (1975) (noting that pleadings are required to give notice and are not required to precisely plead every fact necessary to entitle the pleader to a judgment). . ..
Burch’s complaint alleges,that she and the school board entered into an employment contract on or about September 12, 2013, for her to be employed for a term of three years- as a chief school financial officer. She then alleges that the school-board members breached the employment contract by terminating her employment. Other averments in the complaint indicate that the action to rescind the employment contract taken by the school-board members was without authority. Burch’s allegations are sufficient to state a claim, seeking enforcement, of the employment, contract. . Contrary-to the argument of the school-board members, Burch was not required to attach a copy of the executed employment contract, and, as noted above, she stated that the document she attached was pot the employment contract itself but. that the employment com tract, that she .alleged existed ivas in that form. . To . the extent the school-board members are unable to understand the claims against - them, the school-board members are entitled to request a more definite statement under Rule 12(e), Ala. R. Civ. P. They- are not, however, entitled to a dismissal of Burch’s complaint for failure to state- a claim.
In- conclusion, Burch’s 'complaint clearly states claims for relief. However, because Birdsong, as superintendent, is incapable of granting ,to. Burch the relief she. seeks, the claims against Birdsong do not fall within any exception to § 14 immunity, and, thus, the., trial court properly dismissed Burch’s claims against Birdsong. Accordingly, the dismissal order, insofar as it dismissed Burch’s claims against Birdsong,. is affirmed. The claims against the school-board members, however, do appear to fall within at least one exception to § 14 immunity, and the trial court erred in dismissing Burch’s claims against the school-board members. Accordingly, the dismissal order, insofar as it dismissed Burch’s claims against the school-board members, is reversed, and the cause is remanded for further proceedings.
AFFIRMED IN .PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. A party has 10 days after service of an order dismissing a complaint to amend a complaint. See Rule 78, Ala. R. Civ. P. Notice of the order dismissing Burch's complaint was provided to her electronically on July 3, 2014. Burch filed her amended complaint on July 29, 2014, more than 10 days later. Burch did not request leave to amend her complaint in her postjudgment motion, but, even if she had, the denial of that motion would have effectively denied any request for leave to amend. Hill v. Tucker, 889 So.2d 583, 586 (Ala.Civ.App.2004) (explaining that an action was not automatically revived by a proposed amended complaint filed more than 10 days after the order dismissing the action and that the denial of a postjudgment motion specifically seeking leave to amend the complaint was a denial of the requested leave). Because Burch’s amendment was not timely filed, we have not considered the allegations stated in the amended complaint in deciding this appeal.