Rel: April 21, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0845

_____

### Shana Lane Ellison

### v.

### Donald Elbert Stokes

### Appeal from Chilton Circuit Court
### (DR-22-42)

THOMPSON, Presiding Judge.

Shana Lane Ellison appeals from a judgment entered by the Chilton Circuit Court ("the trial court") dismissing her complaint. For the reasons set forth herein, we reverse the judgment.

On April 22, 2022, Ellison filed a complaint for a divorce from Donald Elbert Stokes, alleging in pertinent part:

"1. That [Stokes] is over the age of nineteen (19) years … That [Ellison] is over the age of nineteen (19) years ….

"2. That [Ellison and Stokes] were lawfully common law married to each other on or about, to-wit: January 10, 2009, in Clanton, Chilton County, Alabama, after which time they lived together as husband and wife, until their date of separation on March 1, 2022, in Chilton County, Alabama.

"….

"4. That the parties have held themselves out as husband and wife for over 13 years;

"5. That [Stokes] has given [Ellison] several cards that read 'to my wife';

"6. [That Stokes has] introduced [Ellison] as his wife when meeting new people;

"7. That the parties have taken several family pictures together;

"8. That [Ellison has] considered herself his legal wife;

"9. That [Stokes] has committed adultery with another woman ….

"….

"12. That the parties owned real estate together ….

"13. … [T]hat the parties owned certain personal property ….

"14. … [T]hat the parties … have accumulated a number of outstanding debts."

On April 27, 2022, Stokes filed a motion to dismiss, pursuant to Rule 12(b)(6), Ala. R. Civ. P., arguing that Ellison's complaint should be dismissed because, he said, she had failed to state a claim upon which relief could be granted. Specifically, Stokes argued that the facts alleged in the complaint did not adequately demonstrate that he and Ellison had entered into a common-law marriage.

On May 5, 2022, the trial court conducted a hearing to address Stokes's motion to dismiss.[1] That same day, the trial court entered an order granting Stokes's motion to dismiss.

On June 3, 2022, Ellison filed a postjudgment motion that asked the trial court to reconsider its order dismissing her complaint. That same day the trial court entered an order denying Ellison's postjudgment motion. On July 14, 2022, Ellison timely filed her notice of appeal.

---

[1]A transcript of the hearing on Stokes's motion to dismiss is not included in the record.

A motion to dismiss filed pursuant to Rule 12(b)(6), Ala. R. Civ. P., tests the sufficiency of a complaint to determine if a plaintiff has stated a claim upon which relief can be granted. Burch v. Birdsong, 181 So. 3d 343, 351 (Ala. Civ. App. 2015). The dismissal of a complaint, pursuant to Rule 12(b)(6), "is with prejudice to [a] plaintiff's right to file another action against that defendant." Ex parte Harrington, 289 So. 3d 1232, 1237 n.7 (Ala. 2019).

> "'[T]he standard of review of a dismissal of a complaint pursuant to Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether the plaintiff has stated a claim whereby relief can be granted under any provable set of facts and under any cognizable theory of law.' Henderson v. Early, 555 So. 2d 130, 131 (Ala. 1989).
>
> > "'"Where a [motion to dismiss] has been granted and [we are] called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. In so doing, [we do] not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail."'
>
> "Armstrong v. Brown Serv. Funeral Home W. Chapel, 700 So. 2d 1379, 1381 (Ala. Civ. App. 1997)(quoting Fontenot v. Bramlett, 470 So. 2d 669, 671 (Ala. 1985))(citations omitted); see also State ex rel. Solaiman v. Aviki, 694 So. 2d 19, 20 (Ala. Civ. App. 1997)."

4

Berryman v. Berryman, 816 So. 2d 43, 45 (Ala. Civ. App. 2001).

> "Furthermore, '"[i]t is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala. R. Civ. P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief."' Seals v. City of Columbia, 575 So. 2d 1061, 1063 (Ala.1991)(quoting Fontenot[ v. Bramlett], 470 So. 2d [669,] 671 [(Ala. 1985)]); see also Winn-Dixie Montgomery, Inc. v. Henderson, 371 So. 2d 899 (Ala. 1979); and Fraternal Order of Police, Strawberry Lodge No. 40 v. Entrekin, 294 Ala. 201, 211, 314 So. 2d 663, 672 (1975)(noting that pleadings are required to give notice and are not required to precisely plead every fact necessary to entitle the pleader to a judgment)."

Burch, 181 So. 3d at 352.

Ellison contends that the trial court erred by dismissing her complaint because, she says, her complaint sufficiently pleaded facts to give Stokes notice that she was seeking a divorce from their common-law marriage.

> "Rule 8(a)[, Ala. R. Civ. P.,] provides:
>
> > "'(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.'

"'[T]he purpose of notice pleading is to provide defendants adequate notice of the claims against them.' Ex parte International Ref. & Mfg. Co., 972 So. 2d 784, 789 (Ala. 2007). See also Rule 8, Ala. R. Civ. P., Committee Comments on 1973 Adoption ('Under [Rule 8] the prime purpose of pleadings is to give notice.'). …

"'[Rule 8(a)] is complied with if the claim for relief gives to the opponent fair notice of the pleader's claim and the grounds upon which it rests. Carter v. Calhoun County Board of Education, 345 So. 2d 1351 (Ala. 1977). The discovery process bears the burden of filling in the factual details. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215, p. 110 (1969). A fair reading and study of the Alabama Rules of Civil Procedure lead to the determination that pleading technicalities are now largely avoided and that the pleading of legal conclusions is not prohibited, as long as the requisite fair notice is provided thereby to the opponent.'

"Mitchell v. Mitchell, 506 So. 2d 1009, 1010 (Ala. Civ. App. 1987). Furthermore, 'pleadings are to be liberally construed in favor of the pleader.' Adkison v. Thompson, 650 So. 2d 859, 862 (Ala. 1994). See also Rule 8, Ala. R. Civ. P., Committee Comments on 1973 Adoption ('Rule 8(f), [Ala. R. Civ. P.,] ... provides that the pleadings are to be construed liberally in favor of the pleader.').

"'[T]he dismissal of a complaint is not proper if the pleading contains "even a generalized statement of facts which will support a claim for relief under [Rule] 8, [Ala. R. Civ. P.]" (Dunson v. Friedlander Realty, 369 So. 2d 792, 796 (Ala. 1979)), because "[t]he purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of

procedure." <u>Crawford v. Crawford</u>, 349 So. 2d 65, 66 (Ala. Civ. App. 1977).'

"<u>Simpson v. Jones</u>, 460 So. 2d 1282, 1285 (Ala.1984)."

<u>McKelvin v. Smith</u>, 85 So. 3d 386, 388-89 (Ala. Civ. App. 2010).

Accordingly, for her complaint to be sufficient and overcome a Rule 12(b)(6), motion to dismiss, Ellison's complaint had to set forth facts that if proven true adequately demonstrated that she and Stokes had entered into a common-law marriage.

Section 30-1-20, Ala. Code 1975, provides that on or after January 1, 2017, common-law marriage is no longer legal in this state but that a valid common-law marriage entered into before January 1, 2017, shall continue to be valid.

> "To constitute a common-law marriage, there must be a present agreement or a mutual understanding to enter into the marriage relationship; the parties must be capable in law of making the marriage contract; and there must follow cohabitation as husband and wife and a public recognition of that relationship. <u>Golden v. Golden</u>, 360 So. 2d 994 (Ala. Civ. App.), <u>cert.</u> <u>denied</u>, 360 So. 2d 996 (Ala. 1978). No words of assent are required; present intention is inferred from cohabitation and public recognition. <u>Skipworth v. Skipworth</u>, 360 So. 2d 975 (Ala. 1978).
>
> > "'The marriage relationship may be shown in any way that can be known by others, such as living together as man and wife, referring to each other in the presence of others as being in that relation,

7

> declaring the relation in various types of documents and transactions, sharing household duties and expenses, and generally engaging in "... all of the numerous aspects of day-to-day mutual existence of married persons." [Citations omitted.]'

"Bishop v. Bishop, 57 Ala. App. 619, 330 So. 2d 443 (1976).

> "Due to the serious nature of the marriage relationship, the courts will closely scrutinize claims of common-law marriage and require clear and convincing proof thereof. Piel v. Brown, 361 So. 2d 90 (Ala. 1978)."

Walton v. Walton, 409 So. 2d 858, 860-61 (Ala. Civ. App. 1982). See also Adams v. Boan, 559 So. 2d 1084, 1086 (Ala. 1990); Cochran v. Chapman, 81 So. 3d 344 (Ala. Civ. App. 2011); and Gray v. Bush, 835 So. 2d 192, 194 (Ala. Civ. App. 2001).

Our consideration at this stage in the litigation is not whether Ellison will ultimately prevail, but, rather, whether she has stated a claim under which she may possibly prevail. See Johnson v. State, 797 So. 2d 1113, 1114 (Ala. Civ. App. 2001)(citing Patton v. Black, 646 So. 2d 8 (Ala. 1994)). Thus, we need determine only if Ellison adequately pleaded facts that, if proven true, demonstrate that she and Stokes entered into a common-law marriage. In her complaint Ellison alleged that she and Stokes are over the age of 19 years old, that they entered into a common-law marriage on January 10, 2009, that they lived

8

together as husband and wife until March 1, 2022, that they have held themselves out as husband and wife for over 13 years, that Stokes recognized Ellison as his wife by giving her cards that read "to my wife" and by introducing her as his wife when they met new people, that Stokes had committed adultery with another woman, and that they jointly owned real and personal property. Considering the caselaw requiring us to construe a complaint liberally and in favor of Ellison, we cannot conclude that Ellison cannot prove a set of facts entitling her to relief.[2] Further, Ellison sufficiently pleaded facts that gave Stokes fair notice that she was claiming that the parties had entered into a

_____

[2]We reject Stokes's contention in his appellate brief that Ellison's complaint is fatally defective because she did not sufficiently allege that the parties had the capacity to enter into a common-law marriage. The complaint is sufficient under Rule 8(a) to put Ellison on notice even though there is no specific allegation that each party was 16 years or older when they entered into the common-law marriage; thus, dismissal is not proper for that reason. Cf. Knight v. Burns, Kirkley & Williams Constr. Co., 331 So. 2d 651, 654-55 (Ala. 1976)(holding that although complaint alleging negligence contained no specific allegation of duty owed, complaint was sufficiently pleaded under Rule 8(a), Ala. R. Civ. P.); and McKelvin v. Smith, 85 So. 3d 386, 389 (Ala. Civ. App. 2010)(holding plaintiffs' adequately stated their claims against defendant under Rule 8(a), Ala. R. Civ. P.).

common-law marriage. <u>Simpson v. Jones</u>, 460 So. 2d 1282, 1285 (Ala. 1984).

Because Ellison's complaint clearly states a claim for relief, the judgment dismissing Ellison's complaint is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

Moore, Edwards, Hanson, and Fridy, JJ., concur.